IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| FLASHPARKING, INC. | § | |
| | § | |
| | § | |
| V. | § | Civil No. 1:23-CV-772-DII |
| | § | |
| MICHAEL SELLERS MACDONALD | § | |

**PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEYS' FEES**

Plaintiff FlashParking, Inc. ("**FlashParking**") files this Motion for Remand and for Attorney Fees against Defendant Michael Sellers MacDonald ("**MacDonald**") pursuant to 28 U.S.C. 1447(c), and would show the Court the following:

**SUMMARY**

1. Flash Parking sued MacDonald in state court after learning that MacDonald, while employed with Flash Parking, (i) downloaded confidential files containing over 4 million of Flash Parking's customer transactions, and (ii) then used his company computer to make queries to an artificial intelligence platform seeking ways to use the stolen data to start a new business called "Bingo."

2. Judge Eric Shepperd issued a temporary restraining order prohibiting MacDonald from using FlashParking's confidential information and set a hearing on the temporary injunction. Although he was represented by at least two attorneys who were engaged in multiple communications and filings with the state court, MacDonald failed to appear at the hearing on his special appearance and on the temporary injunction.

3. Hours after the state court denied MacDonald's special appearance and granted the temporary injunction, MacDonald improperly removed this case to federal court based on diversity

jurisdiction, despite the fact that the state court petition in this case specifically pleads that the amount in controversy is less than $75,000.

4. The Court should immediately remand this case for lack of jurisdiction and award Flash Parking its attorneys' fees necessary to unwind MacDonald's flagrant attempt to avoid the state court's injunction.

## FACTUAL BACKGROUND

5. On June 9, 2023, FlashParking filed its Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction against MacDonald in Texas state court. (the "Petition") *See* Doc. 1-1, pp. 4-43. In the Petition, FlashParking alleged that MacDonald, while employed at Flash Parking, downloaded over 4 million confidential customer transactions and then made queries to an artificial intelligence platform seeking ways to use the stolen data to start his own business called "Bingo." *Id.*, pp. 5-7.

6. The only cause of action asserted by Flash Parking in the Petition is under the Texas Uniform Trade Secrets Act. *Id.*, p. 7.

7. In the Petition, FlashParking stated that pursuant to Texas Rule of Civil Procedure 47, it "seeks non-monetary relief and monetary relief of <u>less than $75,000</u>." *Id.*, pp. 4-5 (emphasis added).

8. On June 12, 2023, FlashParking obtained a Temporary Restraining Order ("TRO") against MacDonald, restraining him from, among other things, using the confidential information he stole from FlashParking. *See id.*, pp. 46-47. On June 15, 2023, the state court signed a First Amended TRO extending the order until the hearing date on the temporary injunction ("TI") on July 7, 2023. *See id.*, pp. 50-52.

9. On June 30, 2023, MacDonald filed four documents with the state court: (1) a Notice of Appearance; (2) a Motion to Participate Pro Hac Vice; (3) Sean D. Johnson's Motion in Support of the Motion Pro Hac Vice, and (4) a Motion for Enlargement of Time to Appear and Show Cause—essentially a continuance of the TI hearing. *See id.*, pp. 56-74.

10. Also on June 29 and 30, 2023 the parties engaged in extensive email correspondence with the Court regarding MacDonald's request to continue the TI hearing. Counsel for FlashParking and the state court were agreeable to a continuance of the hearing *if* MacDonald agreed to extend the TRO (which expired on July 7, 2023) until the new hearing date. Ex. A, p. 8. However, MacDonald would not agree to extend the TRO. *Id.*, p. 2. In short, MacDonald was asking the state court to let the TRO expire on July 7 and not hold a hearing on the TI until mid-August. *Id.*

11. On July 3, 2023, MacDonald sent an email urging the state court to rule on his Motion for Enlargement of Time and continue the hearing on the TI, claiming that neither he nor counsel would be available. *See* Ex. A, p. 1. Under these circumstances, given that MacDonald would not agree to extend the TRO, the state court denied the request for the continuance and announced the TI hearing would proceed on July 7, 2023. *See id.* ("If an agreed order to extend TRO cannot be submitted to this court then the hearing for July 7th will need to move forward."); *see also* Ex. B.

12. On July 5, 2023, MacDonald filed: (1) an Amended Notice of Appearance, and (2) a Motion for Special Appearance. *See* Doc. 1-1, pp. 75-78; 2-3.

13. That same day, MacDonald emailed the state court arguing that it could not rule on the TI until his Motion for Special Appearance had been decided, and again urged a continuance of the TI hearing. *See* Ex. C. On July 6, 2023, the state court responded stating that he would hear

MacDonald's Motion for Special Appearance on July 7 prior to the TI hearing. *See* Ex. D.

14. On July 7, 2023 at 9:00 a.m., the state court proceeded with the hearing on (1) MacDonald's Motion for Special Appearance, and (2) Flash Parking's Application for TI. MacDonald did not appear at the hearing nor did anyone appear from the two law firms representing him.

15. The state court first considered MacDonald's Motion for Special Appearance, and after hearing argument, denied it. The state court then heard argument and evidence regarding FlashParking's application for TI. After the conclusion of evidence, the state court orally granted the TI and ordered counsel for FlashParking to submit proposed orders for both of the motions heard that day. Later that same day, on July 7, 2023, the following events occurred:

11:31 a.m. FlashParking submitted to the state court proposed orders (1) denying MacDonald's Motion for Special Appearance and (2) granting the TI.

MacDonald's counsel was copied on the email submitting these draft orders to the state court judge and therefore knew the court had ruled against him on both motions.[1]

3:06 p.m. The state court signed the order denying MacDonald's Motion for Special Appearance. *See* Doc. 3-1, pp. 2-3.

3:15 p.m. The state court signed the TI against MacDonald. *See id.*, pp. 4-7.

6:08 p.m. Unhappy with the state court's rulings, MacDonald filed his Notice of Removal alleging diversity jurisdiction. *See* Doc. 1; *see also* Exhibit F (reflecting the 6:08 time stamp).

[1] Ex. E. ("Pursuant to the Court's request and based on the Court's rulings made today, please see Plaintiff's attached proposed orders in both Word and PDF (1) denying Defendant's Motion for Special Appearance and (2) Temporary Injunction.") (emphasis added).

## ARGUMENT AND AUTHORITIES

### A. MacDonald cannot meet his burden to show the amount in controversy exceeds $75,000.

16. A federal district court has jurisdiction over cases where the amount in controversy is over $75,000 and diversity exists. 28 U.S.C. 1332(a). Diversity is determined by the facts on both the date the complaint was filed in state court and the date the notice of removal was filed in federal court. *Ashford v. Aeroframe Services*, 907. F3d 386 (5th Cir. 2018).

17. For purposes of removal, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). When the initial pleading demands a specific amount, that sum "is itself dispositive of jurisdiction if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

18. The plaintiff's claim of the amount in controversy "remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

19. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is plead." *Id.* (emphasis in original); *see also* 28 U.S.C. §1446(c)(2)(B) ("removal is proper on the basis of an amount in controversy . . . if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]"). Instead, the defendant has the burden to show: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the

requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

20. MacDonald clearly has not met his burden since (1) the face of the Petition specifically states the claims are less than $75,000, and (2) MacDonald has not submitted any "summary judgment type evidence" to support a finding of the requisite amount. *See* Doc. 1; Doc. 1-1, pp. 4-5; Doc. 1-2. Accordingly, the Court should remand this case.

**B. This Court should assess attorneys' fees and costs against MacDonald.**

21. A district court, in granting remand, may require payment of costs, expenses, and attorney fees incurred "where the removing party lacked an objectively reasonable basis for seeking removal." 28 U.S.C 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S, 132, 141 (2005).

22. A district court also has authority under Federal Rule of Civil Procedure 11 to impose "an appropriate sanction" if the court finds that any "pleading, motion, or written paper" is filed in bad faith or without minimal evidentiary and legal support. Fed R. Civ. P. 11(b), (c). The court also has inherent authority to sanction bad-faith conduct that occurs during the litigation. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995).

23. MacDonald's nefarious motives for removing the case become clear upon a review of the state court record. *See supra*, ¶¶ 14-15. After MacDonald received copies of the proposed orders denying his special appearance and granting the temporary injunction, he and his attorneys unsuccessfully raced to try to file the removal papers ahead of the state court judge's signatures on the adverse orders.[2]

[2] The orders denying the special appearance and granting the temporary injunction were signed three hours before the notice of removal in the state court. *See* Doc. 3-1, pp. 2-3 (order denying special appearance signed at 3:06 p.m. on July 7, 2023), pp. 4-7 (TI signed at 3:15 p.m. on July 7, 2023), and Ex. F (notice of

24. In the meantime, as he presumably rushed to prepare the necessary pleadings, MacDonald misrepresented in his notice of removal that:

> No proceeding has been had in the State Action, except that MacDonald has filed a motion of non-resident attorney to appear pro hac vice, a notice appearance, a special appearance, and motion for an enlargement of time to appear at the show cause hearing. No motion filed has been adjudicated at the time of this filing.

Doc. 1, ¶ 7.

25. Contrary to these misrepresentations, MacDonald was well aware that the state court had held a hearing on his special appearance and the application for the temporary injunction at 9:00 a.m. that very morning—just hours before he filed the notice of removal. *See* Ex. D (July 6, 2023 email from Judge Shepperd advising the hearing would be going forward the next day at 9:00 a.m.).

26. There can be no doubt that MacDonald's filed the notice of removal hoping he would beat the state court judge's signatures and circumvent the state court's rulings. Under these circumstances, particularly where MacDonald did not make even a minimal attempt to meet his burden to show prove the amount in controversy exceeded $75,000, an award of attorney's fees is appropriate. *See, e.g., Unaue-Casal v, Unaue-Casal*, 898 F.2d 839, 841-42 (1st Cir. 1990) (Rule 11 sanctions were appropriate when removal petitions were filed for improper purpose of delaying start of state-court trial).

removal filed at 6:08 p.m. on July 7, 2023). Despite MacDonald's scheme to use removal to flout the state court's orders, they remain binding on him since his notice of removal was filed after they were signed. *See* 28 U.S.C. § 1450 (When a case is removed from state court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court").

**PRAYER**

For all the foregoing reasons, FlashParking respectfully requests that this Court remand this action to the County Court at Law No. 2 of Travis County, Texas, award FlashParking its reasonable attorney's fees and costs in an amount to be proven by a subsequent motion per L.R. C-V 7(j), and grant FlashParking such additional relief to which it may be entitled.

Respectfully submitted,

**GILSTRAP LAW GROUP PC**
1801 E 51st Street, Suite 365-295
Austin, Texas 78723
Telephone: (512) 813-2061

By: */s/ Lessie C. Gilstrap*
Lessie C. Gilstrap
Attorney-in-charge
Texas Bar No. 24012630
Email: Lessie@gilstraplawgroup.com
Glorieni M. Azeredo
Texas Bar No. 24077840
Email: Gazeredo@gilstraplawgroup.com

ATTORNEYS FOR PLAINTIFF
FLASHPARKING, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of August, 2023, the foregoing was served upon counsel of record through the Court's CM/ECF filing system:

Sean D. Johnson
REID COLLINS & TSAI LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, TX 78746
sjohnson@reidcollins.com

Kirsten M. Schneider
Carey & Associates, P.C.
71 Old Post Road
Suite One Southport, CT 06890

kschneider@capclaw.com

*Attorneys for Defendant*
*Michael Sellers MacDonald*

*/s/ Lessie C. Gilstrap*
Lessie C. Gilstrap