| | |
|---|---|
| **From:** | Glorieni Azeredo |
| **To:** | Selene Cruz Lara |
| **Cc:** | Lessie Gilstrap; Kirsten Schneider; Lea Downey Gallatin |
| **Subject:** | Cause No. C-1-CV-23-002440; FlashParking Inc. v. Michael Sellers MacDonald: Proposed Orders |
| **Date:** | Friday, July 7, 2023 11:30:00 AM |
| **Attachments:** | 2023.07.07 Proposed Temporary Injunction.pdf |
| | 2023.07.07 Proposed Temporary Injunction.docx |
| | 2023.07.07 Proposed Order Denying Def"s Motion for Special Appearance.pdf |
| | 2023.07.07 Proposed Order Denying Def"s Motion for Special Appearance.docx |

Good morning,

==Pursuant to the Court's request and based on the Court's rulings made today, please see Plaintiff's attached proposed orders in both Word and PDF (1) denying Defendant's Motion for Special Appearance and (2) Temporary Injunction.== Please let me know if the Court cannot access or open the attached documents.

Sincerely,

Glorieni Azeredo



1801 E 51st Street, Suite 365-295
Austin, Texas 78723
(512) 813-2061
www.gilstraplawgroup.com

CAUSE NO. C-1-CV-23-002440

| | | |
|---|---|---|
| FLASHPARKING, INC., <br> Plaintiff, | § <br> § <br> § | THE COUNTY COURT |
| v. | § <br> § | AT LAW NO. 2 |
| MICHAEL SELLERS MACDONALD, <br> Defendant. | § <br> § | TRAVIS COUNTY, TEXAS |

## TEMPORARY INJUNCTION

On July 7, 2023 came to be heard the Application for a Temporary Injunction filed by Plaintiff FlashParking, Inc. ("FlashParking") against Defendant Michael Sellers MacDonald ("Defendant" or "MacDonald"). Plaintiff appeared in person and through counsel. Defendant was duly notified of the hearing but did not appear. In advance of the hearing, counsel for Defendant advised that neither she nor anyone from the firm serving as her local counsel would appear at the hearing because of conflicts. The Court proceeded with the hearing after counsel for Defendant advised the Court that she would not agree to extend the Temporary Restraining Order previously entered in this case to a date on which she was available for the hearing.

After considering the pleadings, arguments, and admissible evidence, the Court has determined that a Temporary Injunction should be entered.

The Court FINDS that (i) FlashParking has shown a probable right to recover on its cause of action against MacDonald for misappropriating trade secrets from FlashParking, (ii) MacDonald has expressed intention to use the trade secrets that he misappropriated from FlashParking for his own personal gain, (iii) MacDonald, unless enjoined, will use or disclose to

1

a third party the trade secrets he misappropriated from FlashParking in violation of the Texas Uniform Trade Secrets Act, (iv) the trade secrets MacDonaly misappropriated from FlashParking provide FlashParking with a competitive edge and goodwill within the marketplace, and (v) unless Defendant MacDonald is immediately restrained as set forth below, FlashParking will suffer irreparable injury in the form of lost corporate opportunities and goodwill for which there is no adequate remedy at law.

The Court further specifically FINDS that MacDonald, in his role as FlashParking's Director of Product Operations, had access to FlashParking's highly sensitive confidential information and trade secrets regarding FlashParking's business operations, including statistics and data reflecting parking durations, rates, capacities and hours of operation for millions of parking transactions at thousands of locations across Texas and the United States.  Using this access afforded by his position at FlashParking, MacDonald downloaded and accessed via a personal device FlashParking's confidential information and trade secrets with the intent of using them for his own personal gain.  Given these circumstances, if MacDonald is not enjoined from using or disclosing to third parties the confidential information and trade secrets he misappropriated from FlashParking, FlashParking will suffer irreparable injury in the form of lost trade secrets, lost competitive edge in the marketplace, and lost goodwill for which there is no adequate remedy at law.

IT IS THEREFORE ORDERED that MacDonald, and all those acting in concert with him, is hereby prohibited and enjoined from engaging in the following activities, directly or indirectly:

a. disclosing to any person or using in any way any Confidential Information belonging to FlashParking. "Confidential Information" means any information that relates to FlashParking's actual or anticipated business or research and development, technical data, trade secrets or know-how, including, but not limited to, research, product plans or other information regarding the FlashParking's products or services and markets therefor, customer lists and customer information, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances, business operations, including but not limited to statistics and data reflecting parking durations, rates, capacities and hours of operation, and other business information including but not limited to the information reflected in any of the transactions that MacDonald downloaded from FlashParking;

b. tampering with, altering, and/or erasing any computer data, files, folders, documents, communications, metadata, or any other documents and information that may be used as evidence in this case; and

c. preventing or hindering in any way the immediate return to FlashParking of any Confidential Information belonging to FlashParking.

IT IS FURTHER ORDERED that this case is set for trial on the merits on October 9, 2023 starting at 9:00 a.m. at the Travis County Courthouse in Austin, Texas.

IT IS FURTHER ORDERED that the previous bond filed by the Plaintiff in support of the Temporary Restraining Order shall serve as bond for this injunction and no further bond is required. The clerk of this Court shall forthwith issue a temporary injunction in conformity with the law and the terms of this Order.

SIGNED on July __, 2023, at ___:_____ __.m.

_____
ERIC SHEPPERD, JUDGE PRESIDING

CAUSE NO. C-1-CV-23-002440

| | | |
|---|---|---|
| FLASHPARKING, INC., | § | THE COUNTY COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 2 |
| | § | |
| MICHAEL SELLERS MACDONALD, | § | |
|     Defendant. | § | TRAVIS COUNTY, TEXAS |

**TEMPORARY INJUNCTION**

On July 7, 2023 came to be heard the Application for a Temporary Injunction filed by Plaintiff FlashParking, Inc. ("FlashParking") against Defendant Michael Sellers MacDonald ("Defendant" or "MacDonald"). Plaintiff appeared in person and through counsel. Defendant was duly notified of the hearing but did not appear. In advance of the hearing, counsel for Defendant advised that neither she nor anyone from the firm serving as her local counsel would appear at the hearing because of conflicts. The Court proceeded with the hearing after counsel for Defendant advised the Court that she would not agree to extend the Temporary Restraining Order previously entered in this case to a date on which she was available for the hearing.

After considering the pleadings, arguments, and admissible evidence, the Court has determined that a Temporary Injunction should be entered.

The Court FINDS that (i) FlashParking has shown a probable right to recover on its cause of action against MacDonald for misappropriating trade secrets from FlashParking, (ii) MacDonald has expressed intention to use the trade secrets that he misappropriated from FlashParking for his own personal gain, (iii) MacDonald, unless enjoined, will use or disclose to

1

a third party the trade secrets he misappropriated from FlashParking in violation of the Texas Uniform Trade Secrets Act, (iv) the trade secrets MacDonaly misappropriated from FlashParking provide FlashParking with a competitive edge and goodwill within the marketplace, and (v) unless Defendant MacDonald is immediately restrained as set forth below, FlashParking will suffer irreparable injury in the form of lost corporate opportunities and goodwill for which there is no adequate remedy at law.

The Court further specifically FINDS that MacDonald, in his role as FlashParking's Director of Product Operations, had access to FlashParking's highly sensitive confidential information and trade secrets regarding FlashParking's business operations, including statistics and data reflecting parking durations, rates, capacities and hours of operation for millions of parking transactions at thousands of locations across Texas and the United States.  Using this access afforded by his position at FlashParking, MacDonald downloaded and accessed via a personal device FlashParking's confidential information and trade secrets with the intent of using them for his own personal gain.  Given these circumstances, if MacDonald is not enjoined from using or disclosing to third parties the confidential information and trade secrets he misappropriated from FlashParking, FlashParking will suffer irreparable injury in the form of lost trade secrets, lost competitive edge in the marketplace, and lost goodwill for which there is no adequate remedy at law.

IT IS THEREFORE ORDERED that MacDonald, and all those acting in concert with him, is hereby prohibited and enjoined from engaging in the following activities, directly or indirectly:

a. disclosing to any person or using in any way any Confidential Information belonging to FlashParking. "Confidential Information" means any information that relates to FlashParking's actual or anticipated business or research and development, technical data, trade secrets or know-how, including, but not limited to, research, product plans or other information regarding the FlashParking's products or services and markets therefor, customer lists and customer information, software, developments, inventions, processes, formulas, technology, designs, drawings, engineering, hardware configuration information, marketing, finances, business operations, including but not limited to statistics and data reflecting parking durations, rates, capacities and hours of operation, and other business information including but not limited to the information reflected in any of the transactions that MacDonald downloaded from FlashParking;

b. tampering with, altering, and/or erasing any computer data, files, folders, documents, communications, metadata, or any other documents and information that may be used as evidence in this case; and

c. preventing or hindering in any way the immediate return to FlashParking of any Confidential Information belonging to FlashParking.

IT IS FURTHER ORDERED that this case is set for trial on the merits on October 9, 2023 starting at 9:00 a.m. at the Travis County Courthouse in Austin, Texas.

IT IS FURTHER ORDERED that the previous bond filed by the Plaintiff in support of the Temporary Restraining Order shall serve as bond for this injunction and no further bond is required. The clerk of this Court shall forthwith issue a temporary injunction in conformity with the law and the terms of this Order.

SIGNED on July __, 2023, at ___:_____ __.m.

_____
ERIC SHEPPERD, JUDGE PRESIDING

CAUSE NO. C-1-CV-23-002440

| | | |
|---|---|---|
| FLASHPARKING, INC., | § | THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 2 |
| | § | |
| MICHAEL SELLERS MACDONALD, | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

### ORDER DENYING DEFENDANT'S MOTION FOR SPECIAL APPEARANCE

On July 7, 2023 came on to be heard the special appearance motion of Michael MacDonald, the Defendant in this case, whereby Defendant moved this court to dismiss this cause on the grounds that the Defendant is not amenable to process issued by the courts of this State (the "Motion"). The Court, having considered the pleadings, evidence and argument of counsel, is of the opinion and FINDS that the Court has jurisdiction of the Defendant's person, and that the Motion should be overruled and denied.

IT IS THEREFORE ORDERED by the Court that the Motion is OVERRULED and DENIED. All costs of the Motion are taxed against Defendant.

SIGNED on July __, 2023, at ___:_____ __.m.

                                                                                                                                                                                                                  _____
                                                                                                                                                                                                                  ERIC SHEPPERD, JUDGE PRESIDING

SOLO PAGE

CAUSE NO. C-1-CV-23-002440

| | | |
|---|---|---|
| FLASHPARKING, INC.,<br>  Plaintiff, | §<br>§<br>§ | THE COUNTY COURT |
| v. | §<br>§ | AT LAW NO. 2 |
| MICHAEL SELLERS MACDONALD,<br>  Defendant. | §<br>§ | TRAVIS COUNTY, TEXAS |

### OR ER ENYIN  E EN ANT  MOTION OR PECIA  APPEARANCE

On July 7, 2023 came on to be heard the special appearance motion of Michael MacDonald, the Defendant in this case, whereby Defendant moved this court to dismiss this cause on the grounds that the Defendant is not amenable to process issued by the courts of this State (the "Motion"). The Court, having considered the pleadings, evidence and argument of counsel, is of the opinion and FINDS that the Court has jurisdiction of the Defendant's person, and that the Motion should be overruled and denied.

IT IS THEREFORE ORDERED by the Court that the Motion is OVERRULED and DENIED. All costs of the Motion are taxed against Defendant.

SIGNED on July __, 2023, at ___:_____ __.m.

                       _____
                       ERIC SHEPPERD, JUDGE PRESIDING