**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION**

| | |
|---|---|
| FLASHPARKING, INC, | Civil No. 1:23-CV-772-DII |
| Plaintiff, | |
| v. | |
| MICHAEL SELLERS MACDONALD, | August 10, 2023 |
| Defendant. | |

**RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEYS' FEES**

Defendant Michael Sellers MacDonald ("MacDonald") files this Opposition to Plaintiff FlashParking, Inc.'s ("FlashParking") Motion For Remand and for Attorney Fees.

**I.      INTRODUCTION**

This action was instituted by Plaintiff in the Travis County, Court of Law No.2, in the State of Texas, Cause No. C-1-cv-23-002440 on June 9, 2023 (hereinafter referred to as the "State Action"). Also on June 9, 2023, Plaintiff's Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction was filed in the State Action. On June 12, 2023, a temporary Restraining Order was issued by the Court. On June 15, 2023, a First Amended Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction was filed with the State court. On June 20, 2023, an amended temporary Restraining Order was issued by the State Court.

In the State Action, MacDonald has filed a motion of non-resident attorney to appear pro hac vice, a notice appearance, a special appearance, and motion for an enlargement of time to appear at the show cause hearing.

On June 14, 2023, a copy of the Citation and Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction in the State Action was served on MacDonald at his residence at 1509 Brookside Drive, Fairfield, CT 06824.

On June 15, 2023 an Amended Application was filed a show cause hearing was scheduled for July 6, 2023.

On June 23, 2003 Defendant notified Plaintiff that neither Defendant or his counsel were available for the scheduled July 6, 2023 show cause hearing. Defendant's counsel notified the Travis County Court No.2's court clerk several times that neither she nor Defendant were available on July 6, 2023. Defendant also filed a motion to extend time for the hearing and a motion for special appearance, objecting to personal jurisdiction over Defendant.

On July 6, 2023, the Travis County Texas Court No.2 proceeded with the injunction hearing without Defendant or his counsel present, and over the objection of Defendant.

On July 7, 2023, Defendant removed the case to this Court.  This Court has original jurisdiction under the provisions of 28 U.S.C. 1332, diversity of citizenship. Plaintiff, Flashparking, Inc., is a Delaware corporation with its principal place of business in Austin, Texas, Travis County, Texas.  Defendant MacDonald is a resident of the State of Connecticut.  In addition, Plaintiff's claims for economic damages under the contract alleged in the Petition will likely exceed $75,000, including costs and attorney's fees.

After the case was removed, on July 7, 2023, the Texas County Court No.2, Travis County, entered an Order enjoining MacDonald from using Flashparking's alleged confidential information.

This Court has original jurisdiction pursuant to 28 U.S.C. 1332 and removal is appropriate pursuant to 28 U.S.C. 1441 because Plaintiff, a foreign corporation organized under the laws of

the State of Delaware, and with a principal place of business in Texas, asserts claims against MacDonald, a Connecticut resident, and the amount in controversy exceeds $75,000, including potential counter claims, attorney's fees, and the Plaintiff's claims.

## II.     FACTUAL BACKGROUND

Plaintiff alleges three causes of action: Violation of the Texas Uniform Trade Secrets Act, Attorney's fees,  and Injunctive Relief.

Plaintiff proclaims to be "the largest cloud-native parking technology platform and provides industry-leading digital and physical infrastructure. [It is] leading the transformation to connected mobility through the modernization of parking assets while building a cleaner, safer, more efficient ecosystem. FLASH enables real estate owners, parking operators, and cities to tackle complex mobility issues such as congestion, lack of visibility into parking supply and demand, and fragmented consumer experiences." www.flashparking.com/about-us/our-story/. Plaintiff is a billion dollar company with its products being used in every U.S. state, and with monthly revenues in 2023, on average, of $9,500,000. Exh. 1¶59-61, EEOC Charge Affidavit of Michael MacDonald.

Defendant was its Director of Product Operations and responsible for developing and implementing its mobile automated parking technology. Exh. 1¶20, 24   MacDonald's job duties included a role to develop and deliver customized solutions to the market, become more efficient with the deployment and analysis of Flashparking solutions, as well as grow and evolve Flashparking into an operating system for the smart city. Exh. 1¶14, 24, As the Director of Product Operations for Flashparking he was actively trying to develop new business strategies for Flashparking.  Exh. 1¶¶29-35.

On information and belief, the State Action was filed without reasonable inquiry into the

facts and circumstances of the alleged claims. Defendant was terminated in the afternoon of June 8, 2023 and the State Action was filed the morning of June 9, 2023. Defendant was never asked about the alleged unlawful conduct and was never informed that there was any concern related to his use of Plaintiff's parking transaction information in the course and scope of his job. Exh. 1¶¶41-50.  Defendant was never asked about the value of the parking transaction information. Exh. 1¶49. Had Plaintiff made a reasonable inquiry regarding the potential value of the parking transaction information, it would agree that potential damages may reasonably be beyond $75,000. Exh. 1¶¶57-58.

Further, Defendant has potential counterclaims against Plaintiff for violations of: the American with Disabilities Act of 1990 (ADA), 42 USC 12101, Title VII of the Civil Rights Act of 1964, 42 USC §§2000e et seq. discrimination based on gender, Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(b)(1), Conn. Gen. Stat. §31-51, hostile work environment based on disability and gender, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of oral contract, unjust enrichment, and negligent misrepresentation. Exh. 1¶¶66-162. These claims, and the attorney's fees to litigate these claims are well beyond an anticipated $75, 000 in monetary relief to satisfy jurisdiction pursuant to 28 U.S.C. § 1332(a).

Additional facts related to the facts of Defendant's potential counterclaims and the valuation of Plaintiff's parking transaction information is set forth in the sworn EEOC Charge affidavit of Michael MacDonald and attached hereto as Exhibit 1.

**III.    LAW AND ARGUMENT**

      **a.    This Matter Should Not be Remanded Because Plaintiff Satisfies the Requirements For Diversity Jurisdiction Because the Amount in Controversy Exceeds $75,000**

A defendant may remove a case originally filed in state court to federal court if diversity

jurisdiction exists under 28 U.S.C. § 1332(a). 28 U.S.C. § 1441(b). Here, Plaintiff <u>only</u> argues that remand should be granted because, in Plaintiff's petition for an injunction in the State Action, Plaintiff alleged that the value of Plaintiff's claims are less than $75,000. Therefore, Plaintiff argues, this matter cannot satisfy the $75,000 jurisdictional amount required for diversity jurisdiction under 28 U.S.C. § 1332(a). This is incorrect.

In an action for injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 640 (5th Cir. 2003) (quoting *Hunt v. Wash. St. Apple Adver. Comm'n*, 432 U.S. 333 (1997)). Put another way, the amount is controversy "is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). A federal court determines the amount in controversy by looking at the amount claimed in the state court petition. 28 U.S.C. § 1446(c)(2); *Beasley v. Liberty Ins. Corp.*, 2010 WL 2697151, at *1 (N.D.Tex. July 7, 2010) (Lynn, J.) (citation omitted).

When a Plaintiff's petition does not state the specific amount of damages sought, diversity jurisdiction may still be found where a defendant demonstrates that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). A defendant may prove that the amount in controversy meets the jurisdictional requirement "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) if the amount in controversy is not facially apparent, the defendant may produce summary judgment-type evidence to show that the amount in dispute satisfies the jurisdictional minimum. *See Greco v. Jones*, No. 3:13–CV–1005–M, 2014 WL 177410, at *4. (N.D. Tex. Jan.16, 2014) (Lynn, J.).

Plaintiff argues that this Court should conclude that the amount in controversy is less than

$75,000 <u>only</u> because Plaintiff claimed damages below $75,000 in its petition for injunctive relief. However, the Fifth Circuit has held it is appropriate for courts to look at the entire value of an underlying litigation when determining the amount in controversy. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 255 (5th Cir. 1996); *Leininger*, 705 F.2d at 729. For example, in *Webb*, 89 F.3d at 255, the plaintiff moved for an injunction and declaratory judgment restricting defendant's ability to pursue its claims against them in arbitration. The Fifth Circuit found that the district court "properly looked to the amount of [the defendant's] claim in the underlying arbitration to determine the amount in controversy." *Id*. at 257. Similarly, in *Leininger*, 705 F.2d at 729, the Fifth Circuit held that the amount in controversy for the plaintiff's request to enjoin enforcement of his ex-wife's divorce judgement was the amount of the underlying judgment. In short, in both *Webb* and *Leininger* "the 'value of the extent of the injury to be prevented' was the amount plaintiffs stood to lose if their requests for injunctions were denied." *Govea v. JPMorgan Chase Bank, N.A.*, Case No. H- 10-3482, 2010 WL 5140064, at *3 (S.D. Tex. Jan. 27, 2010).

Here, the amount in controversy is also going to be more than $75,000 because Defendant intends to file counterclaims, including claims for disability discrimination pursuant to the Americans with Disability Act (hereinafter "ADA"), as amended by Americans with Disabilities Act, as amended (ADAAA), 42 U.S.C. §§ 12101–213 *et seq*. and Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60(b)(1), violation of Title VII for gender discrimination, as well as other related claims, *see supra*. "Diversity jurisdiction under 28 U.S.C. § 1332 only exists where the parties are citizens of different states and the amount in controversy exceeds $ 75,000." *White v. FCI USA, Inc*., 319 F.3d 672, 674–75 (5th Cir. 2003); *see also Le Blanc v. Colonial Pipeline Co*., 49 F. Supp. 2d 922, 923–24 (E.D. Tex. 1999) (noting that the defendant appeared to satisfy the amount in controversy requirement because its counterclaim alleges that it would suffer

damages in excess of $75,000); *Huawei Techs. Co. LTD v. T-Mobile US, Inc.*, No. 216CV00052JRGRSP, 2017 WL 11638985, at *1 (E.D. Tex. Sept. 20, 2017) (holding that the amount-in-controversy requirement was satisfied where the defendant's counterclaims exceeded $75,000)

Further, diversity jurisdiction exists because Defendant asserts that the overall value of the remedy sought by Plaintiff exceeds $75,000.  See Notice of Removal (ECF 1). In an action for declaratory or injunctive relief, the amount in controversy is "measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Hunt v. WA State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).  Stated differently, the amount in controversy in such cases is "the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252–53 (5th Cir.1998) (citation omitted) (noting that the value of injunctive relief is relevant to the amount-in-controversy requirement).  When a party seeks the cancellation or enforcement of a future obligation, the value of that future obligation is considered in determining the amount in controversy.  *See Duderwicz v. Sweetwater Sav. Ass'n*, 595 F.2d 1008, 1014 (5th Cir.1979) ("[T]he value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover, but by the judgment's pecuniary consequence to those involved in the litigation."); *see also Kemp v. Perma–Glaze, Inc.*, No. 94–1012, 1994 WL 236450, at *2 (E.D. La. May 25, 1994) (considering the amount of future payments over the remaining term of license agreements where the petition sought to cancel the agreements); *Harger v. Burger King Corp.*, 729 F. Supp. 1579, 1580 (M.D.La.1990) (considering the amount of future installments when plaintiffs sought a declaration that a lease continued in force).

Lastly, once the District Court's jurisdiction is established, subsequent events that reduce

the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction. St Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289–90, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

Here, considering the true potential value of Plaintiff's claims for damages against Defendant the amount in controversy exceeds $75,000; with the addition of Defendant's counterclaims and attorney's fees, the amount in controversy well exceeds $75,000. Hence, jurisdiction under 28 U.S.C. § 1332(a) is satisfied and the case shall remain in federal court.

**b.**      **If This Action is Remanded, Attorney Fees Should Not Be Assessed Against Defendant**

As discussed, *supra*, it was appropriate for Defendant to remove this action to this Court because there is complete diversity of the parties and because the Defendant in good faith believe that the amount in controversy in the current Complaint will exceed $75,000 and, further, that the value of the damages for Defendant's counterclaims will also exceed $75,000.

While it is true that the Court has discretion to award attorney fees pursuant to 28 U.S.C. § 1447(c) when an action is remanded after removal, this is not the default rule. Absent unusual circumstances, courts should award attorney's fees under section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Thus, even if a matter is remanded after removal, attorney fees should only be awarded if a party was *unreasonable* in seeking removal. *See, e.g., 2400 Thomas Ass'n, Inc. v. Fireman's Fund Ins. Co*., No. 3:11-CV-3527-N, 2012 WL 13024100, at *4 (N.D. Tex. Sept. 10, 2012) (denying request for attorney fees where Defendant reasonably believe that the amount in controversy exceeded $75,000); *Gonzales v. Whelan Security Co*., 507 F.Supp.2d 687, 692 (W.D. Tex. 2006) (remanding an entire case, but refusing to award attorney's fees on the basis that one of the claims could have been cognizable as a federal cause of action,

8

thereby giving the defendant an objectively reasonable basis for removal).

Here, Defendant has reason to believe that the actual value of Plaintiff's claims will exceed $75,000 (despite Plaintiff's claim to the contrary) and, further, that Defendant's counterclaims will grossly exceed $75,000. There is no dispute that Plaintiff and Defendant are diverse parties in that they are citizens of different states. Therefore, removal on the basis of diversity jurisdiction was appropriate here.  If, *assuming arguendo*, the Court concludes that the amount in controversy is unlikely to reach $75,000 and declines diversity jurisdiction on that basis, no fees or costs should be assessed against Defendant because Defendant had a good faith basis to believe that the amount in controversy will in fact exceed $75,000.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant Michael Sellers MacDonald respectfully requests that the Motion for Remand be denied because the amount in controversy is greater than $75,000.

DEFENDANT
MICHAEL SELLERS MACDONALD

By   */s/ Kirsten Schneider*
Kirsten M. Schneider
Admitted Pro Hac Vice
Carey& Associates, PC
71 Old Post Road
Southport, CT 06890
203-255-4150
Fax: 203-255-0380
kschneider@capclaw.com

## **CERTIFICATION OF SERVICE**

On August 10, 2023, a copy of the foregoing with Exhibit 1 was served upon counsel of record through the Court's CM/ECF filing system.

   */s/ Kirsten M. Schneider*   
Kirsten M. Schneider
