IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| FLASHPARKING, INC. | § | |
| | § | |
| | § | |
| V. | § | Civil No. 1:23-CV-772-DII |
| | § | |
| MICHAEL SELLERS MACDONALD | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S REPONSE TO THE
PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS' FEES**

Plaintiff FlashParking, Inc. ("FlashParking") files this Reply to the Defendant's Response [Doc. 7] ("Response") to the Plaintiff's Motion to Remand and for Attorney Fees [Doc. 6] (the "Motion") against Defendant Michael Sellers MacDonald ("MacDonald"), and would show the Court the following:

**SUMMARY**

1.     MacDonald argues that the Court should determine that the amount in controversy in this case exceeds $75,000 because:

   a.     the value of the data that MacDonald stole from FlashParking <u>might</u> exceed $75,000;[1] and,

   b.     MacDonald intends, <u>at some unidentified point in the future</u>, to file counterclaims for gender discrimination and other employment related claims.[2]

2.     MacDonald's vague and indeterminate "evidence" that the amount in controversy "might" exceed $75,000 does not come close to meeting his heavy burden to prove, by a preponderance of the evidence, that the amount in controversy is greater than $75,000.

---

[1] Resp., pp. 5-6.

[2] *Id.*, pp. 6-7.

3.      Moreover, FlashParking's request for attorneys' fees relating to the Motion should be granted given that MacDonald had no objectively reasonable basis for removal and because he makes no attempt to rebut (and in fact completely ignores) the allegations in the Motion that his true motive for removing the case was in bad faith.

**A.      MacDonald cannot meet his burden to show the amount in controversy exceeds $75,000.**

4.      The parties agree that MacDonald has the burden to show (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted); *compare* Motion, ¶19 [Doc. 6] *and* Resp., p. 5 [Doc. 7] (agreeing this burden applies).

**1.      MacDonald has not proved by a "preponderance of the evidence" that value of this litigation exceeds $75,000.**

5.      MacDonald argues that the Court should look at the "entire value of an underlying litigation when determining the amount in controversy." Resp., p. 6.  However, noticeably absent from the Response is any argument applying that law to the facts of this case, nor does MacDonald even definitively assert anywhere in the Response that the amount in controversy in this case exceeds $75,000.  *See generally*, Resp.

6.      Although the Response does not cite to it in the context of this valuation argument (*see* Resp. pp. 5-6), MacDonald has submitted a 41-page tirade (the "Affidavit") [Doc. 7-1] prepared in connection with an EEOC charge that he filed the same day he filed the Response.  In that Affidavit, MacDonald includes a section entitled "Valuation of FlashParking's Transaction Information." Resp. Ex. 1, ¶¶ 56-65.  Although MacDonald's "valuation opinion" is not referenced

in his legal argument, out of an abundance of caution, FlashParking notes the following obvious

and fatal evidentiary defects:

- MacDonald does not set forth any facts anywhere in his Affidavit stating his qualifications for valuing the stolen transactional data;

- MacDonald's valuation opinion is vague, conclusory, equivocating, and does not meet his burden to show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount;[3] and,

- The facts on which MacDonald's "opinions" are based are (i) on "information and belief,"[4] (ii) "facts" that are "probably"[5] true, and (iii) theoretical applications[6] based on generalizations.[7]

7.      Even if MacDonald had cited to his valuation "opinion" in support of his argument

(he did not), the conclusory ramblings of the unqualified plaintiff that FlashParking <u>might</u>[8] recover

more than what it plead are inadequate to meet the requirement of that "summary judgment type

proof"[9] be submitted to prove the jurisdictional amount by a "preponderance of the evidence." [10]

---

[3] MacDonald Aff., ¶57 [Doc. 7-1] (My <u>best estimate</u> that the damages to FlashParking may well be over $75,000.  <u>I say 'may be' because it depends how the data is used</u> . . .") (emphasis added).

[4] MacDonald Aff., ¶¶60, 61, 62

[5] *Id.*, ¶63("When a car pulls into a parking lot/garage and the driver takes a ticket, that's <u>probably</u> FlashParking's technology.  When they pay at a separate machine before getting back in their car, that's <u>probably</u> FlashParking's machine.  If there's a valet, that person is <u>probably</u> using FlashParking's technology . . . .") (emphasis added).

[6] *Id.* ("a person could *theoretically* analyze") (emphasis added).

[7] *Id.* ("The 3 most important things in real estate are; location, location, location.  The identification of the real estate assets that will generate the highest return is of the most significant interest to any real estate investor.")

[8] "The preponderance burden forces the defendant to do more than point to a state law that <u>might</u> allow the plaintiff to recover more than what is plead." *De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1412 (5th Cir. 1995).

[9] *Manguno*, 276 F.3d at 723.

[10] The plaintiff's claim of the amount in controversy "remains presumptively correct unless the defendant

**2.**      **MacDonald's "potential" but unfiled counterclaims do not affect the amount in controversy.**

8.      Diversity is determined by the facts on both the date the complaint was filed in state court and the date the notice of removal was filed in federal court. *Ashford v. Aeroframe Serv.*, 907 F.3d 386, 386 (5th Cir. 2018).

9.      MacDonald argues that "the amount in controversy is also going to be more than $75,000 because Defendant intends to file counterclaims . . . ." Resp., p. 6 (emphasis added). Although MacDonald cites several cases in which the amount of controversy was satisfied when counterclaims on file at the time or removal exceeded $75,000, MacDonald does not cite a single case, and FlashParking has found none, where an unasserted, hypothetical counterclaim satisfies the jurisdictional amount in controversy. To the contrary, for purposes of determining the amount in controversy in the context of removal, a "hypothetical counterclaim cannot be considered . . . since all jurisdictional facts are determined at the time of removal." *Vanguard Mach. Int'l, L.L.C. v. Smith Pub., Inc.*, 2008 U.S. Dist. LEXIS 10610 at *7, n.7 (S.D. Tex. Feb. 13, 2008); *see also Southern Auto Elec. v. Tackett*, 2020 U.S. Dist. LEXIS 12320 at *4 (W.D. La. Jan. 20, 2020) (holding it is error to consider a counterclaim not asserted prior to removal for purposes of determining the amount in controversy).

10.      Accordingly, the MacDonald's assertion that he "intends" to file counterclaims does not affect the determination of the amount in controversy.

---

can show by preponderance of the evidence that the amount in controversy" exceeds $75,000. *De Aguilar*, 47 F. 3d at 1412.

**B.      The Court should assess attorneys' fees and costs against MacDonald.**

11.      FlashParking seeks its attorneys' fees and costs under (i) 28 U.S.C. § 1447(c),[11] (ii) Fed. R. Civ. P. 11,[12] and (iii) its inherent authority[13] to sanction bad-faith conduct that occurs during the litigation.  Motion, ¶¶ 21-22.

12.      MacDonald's only response is that fees should not be assessed against him because he "has reason to believe" FlashParking's claims will exceed $75,000.  Resp, p. 9.  As is apparent from MacDonald's lengthy Affidavit, MacDonald has many beliefs—including that his "best estimate" is that the amount in controversy "may be well over $75,000 . . . depending on how the data is used."  Resp., Ex. 1, ¶57.  But MacDonald's conclusory opinions do not amount to an "objectively reasonable basis for seeking removal" (see part A, *supra*) and therefore fees should be awarded under 28 U.S.C. § 1447(c).

13.      Moreover, MacDonald is completely silent as to the extensive allegations in the Motion that he misrepresented to this Court that no proceedings had occurred in the state court prior to removal (Motion, ¶24), and that MacDonald removed the case hoping he would beat the state court judge's signatures on the injunction and circumvent his rulings (Motion, ¶¶13-15, 26). This is exactly the type of bad faith conduct for which Rule 11 sanctions are appropriate.  *Unaue-Casal v. Unuae-Casal*, 898 F.2d 839, 841-42 (1st Cir. 1990).

---

[11] Permitting district courts to require payment of costs, expenses and attorney fees "where the removing party lacked an objectively reasonable basis for seeking removal."  28 U.S.C 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S, 132, 141 (2005).

[12] Permitting courts to impose an "appropriate sanction" if the court finds that any "pleading, motion, or written paper" is filed in bad faith or without minimal evidentiary and legal support.

[13] *Elliot v. Tilton*, 64 F. 3d 213, 216 (5th Cir. 1995).

**PRAYER**

For the foregoing reasons, FlashParking respectfully requests that this Court remand this action to the County Court at Law No. 2 of Travis County, Texas, award FlashParking its reasonable attorney's fees and costs in an amount to be proven by a subsequent motion per L.R. C-V 7(j), and grant FlashParking such additional relief to which it may be entitled.

Respectfully submitted,

**GILSTRAP LAW GROUP PC**
1801 E 51st Street, Suite 365-295
Austin, Texas 78723
Telephone: (512) 813-2061

By:    */s/ Lessie C. Gilstrap*
Lessie C. Gilstrap
Attorney-in-charge
Texas Bar No. 24012630
Email: Lessie@gilstraplawgroup.com
Glorieni M. Azeredo
Texas Bar No. 24077840
Email: Gazeredo@gilstraplawgroup.com

ATTORNEYS FOR PLAINTIFF
FLASHPARKING, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of August, 2023, the foregoing was served upon counsel of record through the Court's CM/ECF filing system:

Sean D. Johnson
REID COLLINS & TSAI LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, TX 78746
sjohnson@reidcollins.com

Kirsten M. Schneider
Carey & Associates, P.C.
71 Old Post Road
Suite One Southport, CT 06890

kschneider@capclaw.com

*Attorneys for Defendant*
*Michael Sellers MacDonald*

<u>/s/ Lessie C. Gilstrap</u>
Lessie C. Gilstrap