# EXHIBIT A

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | |
|---|---|
| FLASHPARKING, INC. § | |
| § | |
| § | |
| V. § | Civil No. 1:23-CV-772-DII |
| § | |
| MICHAEL SELLERS MACDONALD § | |

## DECLARATION OF RORY MCCUNE

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. My name is Rory McCune. I am the Director of IT Operations for FlashParking, Inc ("**FlashParking**"), plaintiff in the above-styled cause of action. As the Director of FlashParking's IT Operations, and through my review of FlashParking's records and documents, I have personal knowledge of all the facts herein, and they are true and correct. This declaration is submitted in connection with FlashParking's Response to Defendant's Motion to Dismiss the Complaint for Improper Venue, Forum Non Conveniens, and in the Alternative, Motion to Dismiss for Failure to State a Claim and Motion to Transfer Venue filed in the above-styled case by Defendant Michael Sellers MacDonald ("MacDonald").

2. FlashParking's headquarters is in Austin, Texas. I am the Director of IT Operations for FlashParking, and I reside in Austin, Texas and I work at FlashParking's headquarters in Austin, Texas. I have 4 direct reports that work at FlashParking's headquarters in Austin, Texas who assist me in my duties as Director of IT Operations for FlashParking.

3. As part of my job duties, I am ultimately responsible for all of the procedures, programming, and settings relating to the ability of FlashParking's employees to access various levels of FlashParking's confidential data based on their positions with the company.

4. For an employee to obtain access to FlashParking's confidential data, the employee's supervisor must contact my department in Austin, Texas to request specific data access for the employee. The level of access to FlashParking's data is based on that employee's duties and is granted on a need-to-know basis. Once my department determines the level of access needed for the employee, my department grants such access to the employee by changing programing settings and assigning permissions to the employee based on their job duties. All of these actions occur at FlashParking's headquarters in Austin, Texas and are for the purpose of protecting FlashParking's confidential data from being leaked from the company or accessed by competitors. The

scope of MacDonald's access to FlashParking's confidential data was based on his position and was granted on a need-to-know basis.

5. FlashParking's parking data originates from where a vehicle is parked and paid for. If cars are parked in Austin, Texas at a FlashParking-operated parking garage, any data concerning parking duration, hours of operations, and payment for those cars comes from that location in Austin. This highly sensitive and confidential information is then compiled and retained by FlashParking.

6. On May 24, 2023, FlashParking's Vice President of People & Culture, Carol Dunnigan, while working from FlashParking's headquarters in Austin, Texas, informed MacDonald that his position would be eliminated as part of a reduction in force.

7. After the meeting, my direct reports within FlashParking's IT Department, accessed MacDonald's FlashParking email account and discovered that MacDonald deleted all his emails. Concerned that MacDonald may have stolen data from FlashParking, Ms. Dunnigan contacted my department, and we proceeded to recover the deleted emails. As part of this process, on May 25, 2023, my department, all of whom are located in Austin, Texas, discovered that on April 21, 2023, MacDonald sent an email from his FlashParking email account to his personal email account containing records of his exchanges with ChatGPT or a similar artificial intelligence platform ("ChatGPT"). All of the actions described in this paragraph occurred in Austin, Texas.

8. My department, while located in Austin, Texas, also discovered that on April 19, 2023, MacDonald downloaded data from Looker (a tool accessible by FlashParking employees used to query, summarize and visualize data) related to over 4,000,000 FlashParking digital customer transactions, including highly confidential statistics related to customer use such as parking locations (including addresses), capacities, total number of transactions and total amounts of gross revenue. 69,812 of these transactions were derived from activity at parking locations within Austin, Texas.

9. The confidential data downloaded by MacDonald included operating procedures, marketing, advertising, and statistics reflecting parking durations, rates, capacities, and hours of operation for millions of parking transactions at thousands of parking locations across Texas, including Austin, and across the United States. This confidential data was collected, compiled, analyzed, maintained, and updated as part of FlashParking's central operations in Austin, Texas. In addition, MacDonald's access to the data he downloaded required him to access applications and databases that are primarily maintained by FlashParking's personnel in Austin, Texas.

10. MacDonald's ability to access the confidential data he downloaded from FlashParking's databases stems from the programming settings and permissions that are controlled by FlashParking's IT Department located in Austin Texas and determined by procedures I have implemented in Austin, Texas.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of August 2023 in Austin, Texas.

DocuSigned by:

*Rory McCune*

DE023827FF574B0...

**Rory McCune**