UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | | |
|---|---|---|
| FLASHPARKING, INC., Plaintiff, | : | CIV. NO: 1:23-cv-00772-DII |
| v. | : | |
| MICHAEL SELLERS MACDONALD, Defendants. | : | AUGUST 31, 2023 |

**DEFENDANT'S REPLY TO PLAINTFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT FOR IMPROPER VENUE, FORUM NON CONVENIENS, AND, IN THE ALTERNATIVE, MOTION TO DISMISS FOR FAILUTRE TO STATE A CLAIM AND MOTION TO TRANSFER VENUE**

Pursuant to Federal Rules of Civil Procedure 12(b)(2),(3),(6), and Local Rule CV-7, Defendant Michael MacDonald (hereinafter referred to as "Defendant" or "MacDonald") submits this Reply to Plaintiff's Response to Defendant's Motion to Dismiss.

## 1. SUMMARY

MacDonald downloaded Flashparking transaction information while he was employed, acting in the course and scope of his employment, with the knowledge and approval of his supervisor and for the benefit of Flashparking. The information was never used outside the scope of his employment, was never used to benefit him personally, was not used to start a new business, confidentiality was never breached, and there was no contract or company policy that prohibited him from downloading or using this information in the course and scope of his employment. Moreover, the "BINGO" business Flashparking identifies in its Response was a title for a research project MacDonald was doing for Flashparking – which is why he discussed the BINGO research

results with his coworkers. He simply was doing his job. There was no misappropriation of information. There were no damages alleged by Plaintiff and there is no threat of potential harm to Plaintiff, because MacDonald did nothing unlawful. There is no noncompete agreement nor an NDA. Now, despite a complete lack of evidence, Flashparking for some unknown reason has launched this malicious attack on MacDonald to purposefully harass him and cause him harm. This is a vexatious lawsuit that requires dismissal and requires sanctions against its lawyers.

**2. VENUE IS IMPROPER IN ANY TEXAS COURT**

Plaintiff's venue argument wholly fails. It has been well established by federal courts that venue is proper if the court is located in a judicial district where the defendant resides (Connecticut) or where the events giving rise to the claim occurred (Connecticut). Defendant resides in, and worked remotely from, Connecticut. The events giving rise to the claims occurred in Connecticut, as MacDonald was working from his home office when he allegedly downloaded Flashparking transaction information and used it in the course and scope of his employment by performing a ChatGPT search to advance a research project called BINGO. Here, Plaintiff is claiming that Defendant "stole" Flashparking transaction information. On the day Plaintiff "stole" this information, he was sitting in his home office in Connecticut. Hence, the "event" was his alleged "taking," and the alleged "taking" happened in Connecticut.

Further, it goes against public policy to require a Defendant who has absolutely no contacts with the State of Texas to defend himself in the State of Texas. He resides in Connecticut, worked in Connecticut, and has never even been to the State of Texas in his role as Director of Product Operations for Flashparking. He is now unemployed and cannot afford to travel to Texas, let alone pay his Connecticut lawyers to travel to Texas. MacDonald has a young family and traveling away from them to defend himself against this lawsuit is unjust and prejudicial. Whereas Plaintiff has an active business license in Connecticut and has a location in East Hartford, Connecticut, less

than three miles from the United States District Court courthouse in Hartford, Connecticut. The venue statute protects "the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 184, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). This equitable protection must be enforced here. The case must be dismissed because venue is improper.

**3. THIS COURT LACKS GENERAL AND PERSONAL JURISDICTION**

Texas courts do not have general jurisdiction over Defendant because he is not a resident of the State of Texas. This Court does not have personal jurisdiction over Defendant because MacDonald did not have any contacts with the State of Texas and an exercise of jurisdiction in the State of Texas violates traditional notions of fair play and substantial justice.

Personal jurisdiction refers to the power of a court to hear and determine a lawsuit involving a defendant by virtue of the defendant having some contact with the place where the court is located. Every state has personal jurisdiction over persons within its territory. No state can exercise personal jurisdiction and authority over persons outside its territory unless such persons manifest some contact with the state. In *International Shoe* the Supreme Court established the minimum contacts standard and that in these minimum contacts, the defendant must have purposefully availed himself to the jurisdiction of the court to the extent that he could foresee being haled into court in that jurisdiction. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945). Purposeful availment focuses on the defendant's intentionality. *See id.*

Consistent with federal due process protections, a state court can exercise jurisdiction over a nonresident defendant only if (1) the defendant has established "minimum contacts" with the state and (2) the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see Moncrief Oil*

*Inter. Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (2013). The plaintiff bears "the initial burden of pleading allegations sufficient to confer jurisdiction," and the burden then shifts to the defendant "to negate all potential bases for personal jurisdiction the plaintiff pled." *Moncrief Oil,* at 149. A defendant can negate jurisdiction either legally or factually. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 659 (Tex. 2010). Legally, the defendant can show that the plaintiff's alleged jurisdictional facts, even if true, do not meet the personal jurisdiction requirements. *See id*. Factually, the defendant can present evidence that negates one or more of the requirements, controverting the plaintiff's contrary allegations. *Id.* The plaintiff can then respond with evidence supporting the allegations. *Id.*

a. No Minimum Contacts

To establish minimum contacts for both general and specific jurisdiction, the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Moncrief Oil,* 414 S.W.3d at 150. Due process requires purposeful availment because personal jurisdiction "is premised on notions of implied consent—that by invoking the benefits and protections of a forum's laws, a nonresident consents to suit there." *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005). Three principles guide the analysis of whether a nonresident has purposefully availed itself of the privilege of conducting activities in Texas: First, only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person. Second, the contacts relied upon must be purposeful rather than random, fortuitous, or attenuated. Third, the defendant must seek some benefit, advantage[,] or profit by availing itself of the jurisdiction. *Moncrief Oil,* 414 S.W.3d at 151. To constitute purposeful availment, the defendant's contacts must be "purposefully directed" to the state, *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 228 (Tex. 1991), and must result from the defendant's own

"efforts to avail itself of the forum." *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 576 (Tex. 2007). "[A] defendant will not be haled into a jurisdiction solely based on contacts that are 'random, isolated, or fortuitous,'" *Michiana*, 168 S.W.3d at 785, or on the "unilateral activity of another party or a third person." *Guardian Royal*, 815 S.W.2d at 226. In conducting this analysis, courts assess "the quality and nature of the contacts, not the quantity." *Moncrief Oil*, 414 S.W.3d at 151.

Here, there were no such acts by defendant to purposefully avail himself to this jurisdiction. He was never physically in the State of Texas after becoming the Director of Product Operations (some two years prior to his termination) and he worked remotely from his home office in Connecticut. The unlawful acts alleged – the downloading of parking transaction information – occurred in the State of Connecticut while defendant was working from home. MacDonald had absolutely no contacts with the State of Texas and a third party or the unilateral activity of another party or third person does not constitute sufficient contacts. Moreover, there was never intent or effort by MacDonald to avail himself into a Texas forum. In fact, he took the role as Director of Product Operations in order to stay home more, not travel to Texas, and be in the State of Connecticut and with his family. Further, in remote-work cases, the courts have held that in order to exercise personal jurisdiction over a nonresident employ[ee], there must be, "intentionally directed contact with the forum state." *See e.g. Perry v. Nat'l Assoc. of Home Builders,* 2020 WL 5759766 at *5 (D.Md. Sept. 28, 2020)). Hence, there are no sufficient minimum contacts to support personal jurisdiction over MacDonald.

b. Fair Play and Substantial Justice

Even when a nonresident has established minimum contacts with a state, due process permits the state to assert jurisdiction over the nonresident only if doing so comports with

"traditional notions of fair play and substantial justice." *Int'l Shoe,* 326 U.S. at 316; *Moncrief Oil*, 414 S.W.3d at 154. While Defendant argues that there are insufficient minimum contacts with the State of Texas, he also argues that exercising jurisdiction over him is neither fair nor just. Texas courts consider several factors to evaluate the fairness and justness of exercising jurisdiction over a nonresident defendant including (1) the burden on the defendant; (2) the interests of the forum in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief. *See Moncrief Oil*, 414 S.W.3d at 155.

Here the financial, physical and emotional burden on Defendant to travel nearly 2,000 miles to the State of Texas to defend this matter are far greater than any burden a multibillion dollar company, with an office less than three miles from the federal courthouse in Hartford, Connecticut, may bear. There is just no comparison. While Plaintiff may have an interest in obtaining relief, it can do that in a Connecticut forum because Flashparking's business practices are nationwide and it has petitioned for an injunction that restricts MacDonald throughout the United States. Hence, personal jurisdiction is improper in any Texas court. This case must be dismissed for lack of personal jurisdiction.

**4. DEFENDANT MACDONALD'S AFFIDAVIT IN SUPPORT OF HIS MOTION TO DISMISS IS PROPERLY BEFORE THIS COURT BECAUSE IT STATES FACTS CENTRAL TO THE CLAIMS AGAINST HIM**

The facts in MacDonald's affidavit address only facts central to the claims alleged against him and include facts related to the value to the claims alleged being more than $75,000.

In *Venture Assoc. Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429. 431-432, 24 Fed.r.Serv.3d 1183 (1993), on Motion to Dismiss, the Court denied Plaintiff's motion to exclude documents outside the pleadings reasoning that while, "Fed. R. Civ. P. 10(c), which provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes," is permissive in nature. A plaintiff is under no obligation to attach to her complaint

documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so. *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n.3 (1st Cir.1991). Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. *See Ed Miniat Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 739 n.12 (7th Cir.1986)." Moreover, courts have allowed supporting affidavits in support of a motion to dismiss that are central, add to, and clarify the underlying facts of the case. *See generally Texas Campaign v. Partners Dewatering Int'l. LLC,* 485 S.W.3d 184 n.7 (Tex. App. – Corpus Christi-Edinburg, 2016) *Trowe v. Johnson*, 2021 WL 3624709 at *2 (Tex. App. - Austin, 2021), *Tinco v. City of Hidalgo*, Texas, 2023 WL 5338146 n.11 (S.D.Tex., McAllen Div., 2023)(reasoning the affidavit can be considered in resolving the motion to dismiss because it is both incorporated in and central to the complaint and a matter of which judicial notice may be taken).

Here, MacDonald's affidavit discusses material facts that are central to the claims against him and central to this Court's authority to hear this matter. Without consideration of these facts, MacDonald is extremely prejudiced by the misrepresentation of facts in both Plaintiff's complaint and its responsive briefing. To address Plaintiff's argument in its Response memo, first, of course MacDonald's affidavit was signed after the State Court Petition was filed because he 1) did not know – and could not imagine – being sued by Flashparking because he did nothing illegal, and 2) there were so many relevant facts central to Plaintiff's false claims against him that were intentionally omitted (or perhaps not investigated and unknown) by Plaintiff, that his affidavit was necessary to alert the Court of the actual facts and circumstances of this case and that it does not have jurisdiction over Defendant. Including, most glaringly, facts requisite to understanding Defendant's lack of contacts with the forum state. Second, Defendant's affidavit states facts central to the value of this case being more than $75,000 (which was alleged in Plaintiff's

complaint), imperative to understanding his job duties when he used the transaction information in the course and scope of his employment through a ChatGPT search (also alleged in Plaintiff's complaint), and facts necessary to explain the absence of any contacts with the forum State of Texas (also alleged in Plaintiff's complaint). The facts set forth in Defendant's affidavit are central to his claims and may be considered by this Court to determine the outcome of this present motion. Without consideration of the facts stated in the affidavit, this Court would be deciding a motion based on Plaintiff's misrepresentation of facts and its omission of critical facts central to its claims for relief.

**5. DEFENDANT FAILS TO STATE A CLAIM VIOLATION OF TUTSA**

Plaintiff failed to plead sufficient facts related its TUTSA claim including 1) how this transaction information is confidential, 2) how it was secured and managed by Flashparking to maintain its confidentiality and avoid public access to the information and 3) potential damages. Without pleading this information, the claim fails as a matter of law. This information must have been pled in the Complaint and it was not. Instead, now Plaintiff, realizing its error has attempted to back pedal and fix its error by submitting the affidavit of McCune propounding information not referenced in its Complaint. The declaration should be struck.

**6. THE DECLARATION OF RORY MCCUNE SHOULD NOT BE CONSIDERED BY THIS COURT**

It is clear that McCune composed this declaration in response to Defendant's Motion to Dismiss arguing that Plaintiff had failed to plead plausible facts and necessary elements to its TUTSA claim. Plaintiff had ample opportunity to plead these facts in its original complaint, or in its amended complaint and failed to do so twice. Plaintiff's failure to diligently research the facts and law related to its claims should not be used now to prejudice Defendant. Rather this failure to plead only supports Defendant's position that this is a vexatious lawsuit that is unsupported by

facts and was not properly investigated prior to its filing. The declaration should be omitted from the record.

**7. IF THIS MATTER IS NOT DISMISSED ON OTHER GROUNDS, THIS COURT MUST TRANSFER VENUE TO UNITED STATES DISCTRICT COURT, DISTRICT OF CONNECTICUT**

A federal court may transfer a case to another venue when it is more convenient for the parties and witnesses and in the interest of justice. *Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Here, the convenience of parties is clear and a transfer in the interest of justice is necessary. MacDonald has no contacts with the State of Texas, lives in Connecticut, has a young family he must attend to, never considered that he would be sued in a Texas forum (let alone anywhere else for doing his job) and does not have the financial means to defend a lawsuit in Texas. Flashparking is multibillion dollar company that has locations all over the nation, including Connecticut, and certainly has the means to participate in litigation in Connecticut. This matter must be transferred.

**8. ATTORNEY'S FEES**

On information and belief, Defendant believes that this lawsuit has been brought with the intent to harm and harass Defendant. Defendant requests that his attorney's fees incurred for this motion to dismiss, and for all other litigation expenses, be awarded to him.

This Court has the authority to award Defendant his attorney's fees. The bad faith doctrine exception to the American Rule allows a federal court to do equity in a particular situation. This authority is the "supervisory" or "inherent" power of the federal courts. *See United States v. Horn*, 29 F.3d 754, 759 (1st Cir. 1994). Federal courts may use this inherent power in a diversity case brought in federal court pursuant to 28 U.S.C. § 1332 when the parties are citizens of different states and the amount in controversy exceeds $[75],000. *See Chambers v. NASCO*, Inc., 501 U.S.

32 (1991). A fee award under the bad faith exception requires subjective bad faith — "some proof of malice entirely apart from inferences arising from the possible frivolous character of a particular claim." *Copeland v. Martinez*, 603 F.2d 981, 991 (D.C. Cir. 1979), cert. denied, 444 U.S. 1044 (1980).

The claims alleged against Defendant are groundless, spiteful, and it is questionable whether Plaintiff made a reasonable inquiry into the legal and factual basis of its alleged claims at the time it filed its Petition. Further briefing may be provided to the Court upon its Order.

**WHEREFORE**, Plaintiff respectfully requests that the court grant the instant motion to dismiss and award defendant his attorney's fees. A motion and order for attorney fees will be submitted for the Court's consideration upon its Order.

Respectfully Submitted,

DEFENDANT
MICHAEL SELLERS MACDONALD

*By:/s/ Kirsten M. Schneider*
Kirsten M. Schneider
Admitted Pro Hac Vice
Carey & Associates, P.C.
71 Old Post Road, Suite One
Southport, CT 06890
(203) 255-4150 tel
(203) 255-0380 fax
kschneider@capclaw.com
His Attorney

CERTIFICATION OF SERVICE

Pursuant to Efiling federal and local rules, this is to certify that on August 31, 2023, a copy of the foregoing with exhibits was filed electronically on the United States District Court, Western Div. Texas, Austin efiling system, emailed to the parties below, and delivered to all those with access to such efiling system and mailed, postage prepaid, to those parties without electronic access. The electronic transmission was reported as complete.

*/s/ Kirsten M. Schneider*
Kirsten M. Schneider
kschneider@capclaw.com

The foregoing document was emailed to:

FOR PLAINTIFF:
Lessie C. Gilstrap, Esq.
lessie@gilstraplawgroup.com
Glorieni M. Azeredo, Esq.
gazeredo@gilstraplawgroup.com