# EXHIBIT A

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| FLASHPARKING, INC. | § | |
| | § | |
| | § | |
| V. | § | Civil No. 1:23-CV-772-DII |
| | § | |
| MICHAEL SELLERS MACDONALD | § | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S REPONSE TO THE DEFENDANT'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

Plaintiff FlashParking, Inc. ("FlashParking") files this Sur-Reply to Defendant's Reply [Doc. 13] ("Reply") to Plaintiff's Response [Doc. 11] ("Response") to the Motion to Dismiss the Complaint for Improper Venue, Forum Non Conveniens, and in the Alternative, Motion to Dismiss for Failure to State a Claim and Motion to Transfer Venue [Doc. 8] and the related Memorandum of Law [Doc. 9] (collectively, the "Motion") filed by Defendant Michael Sellers MacDonald ("MacDonald") and would show the Court the following:

**SUMMARY**

1.  MacDonald devotes the majority of his Reply to arguing *for the first time* that this Court should dismiss FlashParking's case because this Court lacks personal jurisdiction over him. Doc. 13, pp. 3-6. MacDonald also raises in his Reply *for the first time* that he should be awarded attorney's fees. Doc. 13, pp. 9-10.[1]

2.  This Court should disregard MacDonald's brand-new arguments regarding personal jurisdiction and attorney's fees because MacDonald improperly raised them for the first

---

[1] FlashParking will not address the remainder of MacDonald's arguments set forth in his Reply as they have been sufficiently addressed by its Response.

1

time in his Reply and therefore waived them.

3. Moreover, MacDonald waived his personal jurisdiction defense by failing to raise it in his Motion as required by the Federal Rules of Civil Procedure.

4. Finally, the Court should summarily dismiss MacDonald's claim for attorney's fees because FlashParking has clearly brought this case in good faith.

### A. MacDonald improperly raises his personal jurisdiction and attorney's fees arguments for the first time in his Reply.

5. In his Reply, MacDonald *for the first time* raises arguments to (1) dismiss this case based on lack of personal jurisdiction, and (2) obtain attorney's fees. Doc. 13, pp. 3-6, 9-10. However, arguments made for the first time in a reply are not considered by the Court and are waived. *See Nestle USA Inc. v. Ultra Distribuciones Mundiales S.A. DE C.V.*, 516 F.Supp. 3d 633, 653 (W.D. Tex 2021) (finding the defendant waived a dismissal argument because it was brought for the first time in a reply); *United States ex rel. Hueseman v. Prof'l Compounding Ctrs. Of Am. Inc.*, 2023 U.S. Dist. LEXIS 52467 at *29 n. 4 (W.D. Tex Mar. 27, 2023) (finding that the defendant's claim was not properly before the Court because it was raised for the first time in a reply); *see also Surge Busy Bee Holdings, LLC v. Wiszniewski*, 2020 U.S. Dist. LEXIS 63781 at *35, n. 5 (N.D. Tex. Apr. 13, 2020) ("The purpose of a reply is not to assert new arguments that could have been raised in the original motion, but rather to rebut factual and legal arguments raised in the opposition to the original motion."); *see also AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011) ("Generally, and for obvious reasons, a reply brief is limited to addressing matters presented by [the movant's] opening brief and by [the respondent's] response brief, and is not the appropriate vehicle for presenting new arguments or legal theories to the court.").

6. Accordingly, this Court should disregard MacDonald's personal jurisdiction and attorney's fees arguments because he raised them for the first time in his Reply and therefore

waived them.

**B.     MacDonald has waived his personal jurisdiction argument by failing to raise it in his initial Motion.**

7.     Federal Rule of Civil Procedure 12(g)(2) states that a party that makes a motion under Rule 12 cannot make another motion under the rule that would raise a defense or objection available to the party but omitted from the earlier motion. Fed. R. Civ. P. 12(g)(2).  Rule 12(h)(1) states that a party can waive any defense listed in Rule 12(b)(2-5) (which includes personal jurisdiction under Rule 12(b)(2)) by omitting it from a motion in the circumstances described in 12(g)(2) or by failing to make it by motion under Rule 12.  Fed. R. Civ. P. 12(h)(1); *Golden v. Cox Furniture Mfg. Co.*, 683 F.2d 115, 118 (5th Cir. 1982).  Therefore, any 12(b)(2-5) challenge must be raised in the first defensive pleading. *See Golden*, 683 F.2d at 118; *see also Hot Brands, LLC v. Ornelas*, 2021 U.S. Dist. LEXIS 264447 at *4-6 (E.D. La 2021) (finding that a defendant waived the defense of lack of personal jurisdiction by failing to raise it in her answer because the defense must be raised "at the time [she] makes [her] first defensive move—whether it be a Rule 12 motion or a responsive pleading.") (citing *Golden*, 683 F.2d at 118).

8.     In his first defensive pleading—his Rule 12 motion—MacDonald raised arguments of improper venue under Rule 12(b)(3), *forum non conveniens*, and failure to state a claim under Rule 12(b)(6). *See generally* Motion.  MacDonald's Motion failed to raise any argument regarding personal jurisdiction under Rule 12(b)(2). *See id*.  Only in his Reply does MacDonald assert brand-new arguments for dismissal based on personal jurisdiction.  Doc. 13, pp. 3-6.  Because MacDonald failed to raise the issue of personal jurisdiction in his initial Motion as required under Rule 12(g)(2), MacDonald waived this defense under Rule 12(h)(1), and he is subject to personal jurisdiction in this Court. *See Golden*, 683 F.2d at 118-120 (holding that because defendant filed an answer and motion to transfer venue under 28 U.S.C. § 1404 without raising the defense of

3

personal jurisdiction, the defense was waived); *General Design Sign Co. v. Am. Gen. Design, Inc.*, 2003 U.S. Dist. LEXIS 1567 at *4-5 (N.D. Tex. 2003) (holding that because the defendants failed to make the 12(b)(2) motion for lack of personal jurisdiction at the same time as filing the 12(b)(3) motion for improper venue, the defense of personal jurisdiction was waived and the defendants were subject to personal jurisdiction).

9. Accordingly, this Court should deny MacDonald's motion to dismiss for lack of personal jurisdiction.[2]

**D. FlashParking has clearly brought this case in good faith.**

11. Again, MacDonald's claim for attorneys' fees has been waived. *See* Part A, *supra*. But even if the claim were not waived, there is no basis for awarding MacDonald his attorneys' fees in this case.

12. FlashParking filed this case after it discovered (through an intensive IT investigation involving several employees and requiring the recovery of email files that MacDonald intentionally deleted to cover his tracks) that MacDonald had stolen millions of confidential files and made inquiries to ChatGPT asking how he could use the stolen data to start a competing business called "Bingo." Doc. 11, pp. 2-3. MacDonald himself shamelessly admits to doing these very things in the declarations he has filed with the Court. *See* Motion, pp. 6-7; Doc. 9-1, pp. 7-8, ¶¶31-35.

---

[2] Even if the defense were not waived, the motion should be denied. FlashParking has filed two affidavits showing MacDonald has sufficient contacts with Texas. *See* Doc. 1-1, p. 10, ¶4 n. 1 (MacDonald traveled to Texas as part of his job duties for FlashParking); Doc 11-1, p. 2, ¶8 (nearly 70,000 of the parking transactions that MacDonald stole from FlashParking were derived from parking activity in Texas); *id.*, p. 2, ¶6 (documenting MacDonald's communications with FlashParking employees in Texas). MacDonald himself admits in his own affidavit that he traveled to Texas three times—the fact he had a different job title at FlashParking at the time is inconsequential for purposes of the court's analysis of personal jurisdiction. *See* Doc. 9-1, p. 3, ¶8.

13. The only bad faith here has been on the part of MacDonald who clearly has no remorse or regret for his malicious and willful conduct which is clearly in conscious disregard of FlashParking's right to keep its sensitive business information confidential.

14. Accordingly, the Court should summarily deny MacDonald's request for attorney's fees.

## PRAYER

For the foregoing reasons and the reasons stated in FlashParking's Response, FlashParking respectfully requests that this Court deny MacDonald's Motion in its entirety, and grant FlashParking such additional relief to which it may be entitled.

Respectfully submitted,

**GILSTRAP LAW GROUP PC**
1801 E 51st Street, Suite 365-295
Austin, Texas 78723
Telephone: (512) 813-2061

By:   /s/ Lessie C. Gilstrap
Lessie C. Gilstrap
Attorney-in-charge
Texas Bar No. 24012630
Email: Lessie@gilstraplawgroup.com
Glorieni M. Azeredo
Texas Bar No. 24077840
Email: Gazeredo@gilstraplawgroup.com

ATTORNEYS FOR PLAINTIFF
FLASHPARKING, INC.

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 8th day of September, 2023, the foregoing was served upon counsel of record through the Court's CM/ECF filing system:

Sean D. Johnson
REID COLLINS & TSAI LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, TX 78746
sjohnson@reidcollins.com

Kirsten M. Schneider
Carey & Associates, P.C.
71 Old Post Road
Suite One Southport, CT 06890
kschneider@capclaw.com

*Attorneys for Defendant*
*Michael Sellers MacDonald*

                                          */s/ Lessie C. Gilstrap*
                                          Lessie C. Gilstrap