## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION

FLASHPARKING, INC,
      Plaintiff,

v.

MICHAEL SELLERS MACDONALD,
      Defendant.

Civil No. 1:23-CV-772-DII

September 14, 2023

## DEFENDANT'S MEMORANDUM IN OPPOSITION AND OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY

Pursuant to Local Rule CV-7, Defendant MacDonald objects and opposes Plaintiff's Motion for Leave to File a Sur-Reply. Plaintiff's Motion for Leave should be denied because Plaintiff fails to demonstrate that exceptional or extraordinary circumstances exist to warrant a surreply and fails to prove that Plaintiff was prejudiced by Defendant's Reply.

## I.      FACTS

1. MacDonald has never physically been present in the State of Texas <u>at any time</u> in his role as Director of Product Operations. He began his role as Director of Product Operations for Flashparking on August 8, 2022. Pursuant to Flashparking's Complaint (the Petition and Application for Temporary Restraining Order), it was MacDonald acting "In his role," as the Director of Product Operations that "he was exposed and had access to highly confidential information concerning Flashparking's business operations."[Dkt. 1-1 ¶¶8,9; Dkt. 1-1, Decl. of Crawford ¶5]. All of Plaintiff's legal claims against Defendant are grounded in Defendant's role as the Director of Product Operations. *Id.* There are no allegations alleged against MacDonald in his position(s) with Flashparking prior to August 8, 2022.

2. On May 24, 2023, Defendant was told that his employment was terminated as a result of a reduction in force, he was presented with a severance package, and told his last day of work would be June 16, 2023. [Dkt.9, p.1].

3. On the afternoon of June 8, 2023, MacDonald was terminated via email with the explanation that the Company, "received information that caused it to change its separation plans with him," and nothing further. [Dkt.9, p.2].

4. On June 9, 2023 in the morning, without any inquiry, investigation or communication with MacDonald, Flashparking filed a lawsuit (Petition and Application for Temporary Restraining Order) against him in County Court of Texas, Travis County.

5. The Travis County Court scheduled a show cause hearing for July 7, 2023.

6. On June 22, 2023 through July 6, 2023, on several occasions Defendant's counsel notified Plaintiff's counsel and the Court's clerk that neither counsel nor MacDonald were able to attend the July 7, 2023 show cause hearing.

7. On June 23, 2023 through July 6, 2023, on several occasions, Defendant's counsel notified Plaintiff's counsel that personal jurisdiction was improper in any Texas Court.

8. On June 30, 2023, MacDonald filed a Motion for Enlargement of Time for the show cause hearing. Exh.A. Plaintiff did not file a reply or objection to the motion.

9. On July 5, 2023, MacDonald filed a motion for special appearance challenging the Court's personal jurisdiction over him. Exh.A. Plaintiff did not file a reply or objection to the motion.

10. With neither the Motion for Enlargement of Time nor the Motion for Special Appearance fully briefed[1], nor adjudicated, on July 6, 2023, the Court's clerk communicated via email that the

---

[1] Defendant's counsel requested consent from Plaintiff for both the Motion for Enlargement of Time and the Motion for Special Appearance for which the Plaintiff refused consent.

July 7, 2023 show cause hearing would go forward over the repeated objection of Defendant and in violation of Tex.R.Civ.P120.a.2. [Dkt. 6-1, 6-4]. Further, there is no communication from the Court, on the docket, that any other matter other than a hearing to show cause, would be heard during this July 7 hearing. Exh.A. On July 6, 2023, after Defendant's counsel adamant objections and notification to the Court clerk that even her Pro Hac Vice Motion, let alone her motion for special appearance, and motion for enlargement of time, had not been adjudicated, the only suggestion from the Court's clerk of an expanded hearing was a vague statement that, "this court can take them up tomorrow before the temporary injunction hearing." (This statement was made by the Court's clerk knowing that defendant nor defendant's counsel could not attend the hearing. [Dkt. 6-4].) Defendant's counsel had reminded the Court's clerk of the law related to a special appearance motion, Tex.R.Civ.P120.a.2: " Any motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard," and that defendant's counsel nor defendant could be present at the hearing to give argument. *Id.*

11. On July 7, 2023, MacDonald filed a Notice of Removal of Civil Action to remove the State Court action to Federal Court.

12. On July 7, 2023, the Court held a show cause hearing and heard oral argument from only Plaintiff, on both Defendant's Motion for Special Appearance and Motion for Enlargement of Time without the attendance of Defendant or his counsel. Defendant's counsel was not present to hear argument or present any counter arguments. Defendant was not present, nor represented, at this show cause hearing that restricted his liberties. Defendant was denied his due process.

13. According to the Court's docket, after the removal action was filed on July 7, 2023, the Court filed its Order denying Defendant's Motion for Special Appearance. Exh.A

14. According to the Court's docket, after the removal action was filed, on July 7, 2023, the Court filed its Order granting Flashparking's temporary restraining order against MacDonald. Exh. A.

15. On August 10, 2023, Defendant Michael Sellers MacDonald ("MacDonald") filed his Motion to Dismiss the Complaint or in the alternative to transfer venue [Dkt.8, 9]. In his Memo of Law, MacDonald specifically requests "that he be awarded attorney's fees associated with this motion." [Dkt. 9, pp.5, 19]. Further, the legal issue of attorney's fees is addressed in Plaintiff's Response to Defendant's Motion to Dismiss. [Dkt.11, ¶43]. Hence, it is proper that Plaintiff addressed attorney's fees in his Reply motion.

16. Additionally, in his Memo of Law, MacDonald specifically addresses a lack of personal jurisdiction over him in any Texas Court and submits a sworn affidavit under penalty of perjury that he has no contacts with the State of Texas. [Dkt. 9-1].The legal issue of personal jurisdiction was also raised in Defendant's Motion to Dismiss, his Memorandum of Law, his supporting affidavit, and in Plaintiff's Response to the Motion to Dismiss.  [Dkt. 8, pp.1-2, Dkt. 9, p.4; Dkt. 9-1 ¶¶3, 5-10; Dkt. 11, ¶¶10-12]. Hence, it is proper that Plaintiff addressed personal jurisdiction in his Reply motion.

17. On August 24, 2023, Flashparking timely filed its Response [Dkt. 11]. In its Response, Flashparking raised the issue of personal jurisdiction and attorney's fees. [Dkt. 11, ¶¶10-12, 43].

18. On August 31, 2023, MacDonald filed his Reply [Dkt. 13].

19. On September 8, 2021, Flashparking filed this motion for leave to file a sur-reply. [Dkt.14].

## II.     LEGAL ARGUMENT

Plaintiff's motion for leave to file a surreply should be denied because it fails to prove circumstances that are exceptional or extraordinary or that it has been prejudiced by Defendant's Reply.

Surreplies are highly disfavored and are permitted only in exceptional or extraordinary circumstances. *Bailey v. Mansfield Independent School Dist.*, 2019 WL 175088 at *2 (N.D. Tex., January 10, 2019), *Wells v. Youtube, LLC* 2021 WL 2652966 n.7 (N.D. Tex., May 17, 2021), *Highmark, Inc. v. Allcare Health Management Systems, Inc.*, No. 4:03-cv-1384-Y (N.D. Tex. Sept. 29, 2015, citing *Lacher v. West*, 147 F.Supp.2d 538, 5390 (N.D. Tex. 2001). The Court in *Lacher*, also addressed that there must be some prejudice to Plaintiff to warrant a surreply. Hence, in order for this Court to grant leave to file a surreply it must find that 1) Plaintiff has proven exceptional and extraordinary circumstances that warrant the Court to allow briefing beyond Rule CV-7 and 2) without such leave Plaintiff will suffer prejudice. Here, the Plaintiff cannot satisfy either prong.

1.      Plaintiff fails to prove exceptional or extraordinary circumstances to warrant leave to file a surreply.

This Court cannot grant leave to file a surreply without exceptional or extraordinary circumstances. Here, there are no such circumstances.

In *Bailey,* Bailey was a teacher who claimed discrimination based on her sexual orientation when she was suspended for eight months and transferred to a different school. *Bailey*, at 1. She brought claims against her school district and the district filed a 12(b)(6) motion to dismiss. Defendant, in its Reply brief, failed to cite and discuss an applicable legal authority and policy (related to the decision making authority for suspension and other personnel actions) that was not known to Plaintiff until after she filed her response. *Id.* The Court denied Plaintiff's motion for

leave to file a surreply because Plaintiff failed to persuade the Court that this policy was an exceptional or extraordinary circumstance to warrant a surreply because the policy was publicly available to Plaintiff prior to and after filing her complaint and prior to her response to Defendant's motion to dismiss. *Id.* The Court reasoned, "Once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant. *See* Local Civil Rule 7.1. Thus, the movant is entitled to file the last pleading. Surreplies, and any other filing that serves the purpose or has the effect of a surreply, **are highly disfavored**, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters, and it only permits filings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances. Consequently, a party must not seek leave to file a surreply as a routine matter." *Id.* at 2. Because Bailey the policy has been available to Plaintiff (upon investigation) he therefore did not prove the policy to be an exceptional or extraordinary circumstances, the motion for leave was denied.

Here, Plaintiff suggests that it seeks relief to respond to Defendant's arguments related to personal jurisdiction and attorney's fees and states its need for such relief as, "a sur-reply would be appropriate so that Flashparking has a fair opportunity to address these arguments." [Dkt.14, ¶2]. Plaintiff does not suggest that there is an exceptional or extraordinary circumstance, let alone claim that Defendant's arguments related to attorney's fees and personal jurisdiction are extraordinary. Hence, there are no "exceptional or extraordinary" circumstances warranting a surreply and therefore this motion should be denied.

Further, Defendant in its Reply, made legal arguments related to personal jurisdiction and attorney's fees in response to Plaintiff's facts and arguments presented in its Response. All of Defendants' arguments either rebut Plaintiff's Response, or bolster the arguments made in

Defendants' initial Motion. Plaintiff continues to misstate facts of the case and has failed to rebut the sworn affidavit testimony of MacDonald related to his contacts with the State of Texas and that his use of the alleged confidential transactional information was used anywhere other than in the course and scope of his employment. Instead of focusing on the critical factors related to the motion to dismiss, Plaintiff now attempts to characterize Defendant's arguments to its Response as "new legal theories," when in fact, it is Defendant buttressing his own arguments brought in his Motion to Dismiss and defeating those presented by Plaintiff in its Response. Such adverse arguments by different parties are neither novel, nor surprising, and are simply proper advocacy, expected in any motions practice.  There is nothing new about the arguments Defendant presented in his Reply. Just strong argument, that defeat Plaintiff's positions. Such advocacy should be expected.

> 2. Plaintiff fails to prove that it is prejudiced by Defendant's legal arguments related to attorney's fees and lack of personal jurisdiction.

Plaintiff must prove that it will be prejudiced, as well as the existence of extraordinary or exceptional circumstances, in order for this Court to consider granting its motion for leave to file a surreply. Here, Plaintiff fails to prove either and the Court must deny its motion.

 The Court in *Lacher* considered whether a party is prejudiced by the alleged new arguments in the form of an appendix attached to defendant's reply brief. *Lacher,* 147 F.Supp.2d at 540. The *Lacher* Court denied Plaintiff's motion for leave to file a surreply reasoning that Defendant's attachment of an appendix to the Reply was not prejudicial to Plaintiff and therefore there was no need for a surrreply brief. *Id.*

Here, Plaintiff wholly fails to even mention prejudice in its Motion for Leave. Like its failure to mention or discuss exceptional or extraordinary circumstances, Plaintiff also fails to address prejudice.  Defendant suggests that is because neither exist. The facts and argument related

to personal jurisdiction and attorney's fees were before this Court in Defendant's motion to dismiss. Moreover, Plaintiff had the opportunity to address these issues in its Response, <u>and did so</u>, (*see supra*) but apparently not to the extent it felt confident after reading Defendant's Reply.

Further, Plaintiff's Motion for Leave <u>does not allege</u> that it is prejudiced by Defendant's Reply and is void of <u>any</u> reasoning for a surreply other than it wishes to have the last word, or rather, "so that Flashparking has a fair opportunity to address these arguments." Plaintiff had its fair opportunity and should not be granted additional opportunities beyond the scope of Local Rule CV-7.

Because Plaintiff's have failed to show that it is prejudiced by Defendant's Reply and have failed to demonstrate any exceptional or extraordinary circumstances that warrant a surrreply, Plaintiff's motion must be denied.

**WHEREFORE**, Defendant respectfully requests that the court deny Plaintiff's Motion for Leave to File a Sur-Reply and award defendant his attorney's fees associated with this motion. In the alternative if this Court grants Plaintiff's motion for leave, Defendant requests leave to respond to the surreply.

Respectfully Submitted,

DEFENDANT
MICHAEL SELLERS MACDONALD

<u>By:/s/ Kirsten M. Schneider</u>
Kirsten M. Schneider
Admitted Pro Hac Vice
Carey & Associates, P.C.
71 Old Post Road, Suite One
Southport, CT 06890
(203) 255-4150 tel
(203) 255-0380 fax
kschneider@capclaw.com
His Attorney

CERTIFICATION OF SERVICE

Pursuant to efiling federal and local rules, this is to certify that on September 14, 2023, a copy of the foregoing with exhibits was filed electronically on the United States District Court, Western Div. Texas, Austin efiling system, emailed to the parties below, and delivered to all those with access to such efiling system and mailed, postage prepaid, to those parties without electronic access. The electronic transmission was reported as complete.

*/s/ Kirsten M. Schneider*
Kirsten M. Schneider
kschneider@capclaw.com

The foregoing document was emailed to:

FOR PLAINTIFF:
Lessie C. Gilstrap, Esq.
lessie@gilstraplawgroup.com
Glorieni M. Azeredo, Esq.
gazeredo@gilstraplawgroup.com