# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FLASHPARKING, INC., § | |
| § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIV. CASE NO: 1:23-CV-00772-DII |
| § | |
| MICHAEL SELLERS MACDONALD, § | |
| § | |
| DEFENDANT. § | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26(F) REPORT AND DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f), Plaintiff FlashParking, Inc. and Defendant Michael Sellers MacDonald (collectively, the "Parties") submit this Joint Rule 26(f) Report and Discovery Plan.

The Parties, through their counsel, conferred on September 20 and 25, 2023, and agreed upon the following Discovery Plan.

1. **Date Complaint Filed in The County Court, Travis County, Texas:** June 9, 2023.

2. **Date Complaint Served:** June 12, 2023.

3. **Case removed to USDC, Western Dist. Tex., Austin Div.:** July 7, 2023.

4. **Removal action served on Plaintiff:** July 7, 2023.

5. <u>**Certification:**</u> Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsels further certify that they have forwarded a copy of this report to their clients.

6. **Disclosures under Rule 26(a)(1).** The parties agree to exchange their Rule 26(a)(1) initial disclosures **on or before October 10, 2023.**

7. **Discovery Plan.** Discovery will involve requests for production, interrogatories, requests for admissions and party and witness depositions, which may include expert depositions. Discovery will be needed with respect to all claims and defenses raised in this case. The parties estimate that discovery should be completed in approximately **10** months. All discovery will be completed (not propounded) by **July 15, 2024**.

8. **Electronic Discovery.** The Parties agree to cooperate in determining whether any electronic media produced in this case shall be in native or non-native formats. With response to email

communications, the Parties agree to cooperate in determining the appropriate format to capture relevant metadata.

9. **Privilege – Clawback Agreement.** The Parties have agreed as documented herein, to provide for the right of "clawback" of privileged or otherwise protected materials which are inadvertently produced by a party. As part of such Agreement, the Parties hereby agree that if privileged or otherwise protected information is inadvertently produced, the producing party may, by timely notice within ten (10) days following discovery of such production, assert the privilege or protection, and the receiving party shall return, without retaining a copy, all of the inadvertently produced materials, without waiver of the right to obtain a ruling from the Court that such materials are not privileged or otherwise protected. The party which inadvertently produced such materials shall sequester such materials in the event *in camera* inspection is requested. The Parties recognize that the purpose of this Agreement is to ensure that the inadvertent production of privileged or otherwise protected materials does not cause such privilege or protection to be lost due to the inadvertent act of production. The Parties reserve the right to negotiate any changes to the above procedures by mutual agreement or stipulation for Court approval.

10. **Privilege Log Exception.** The Parties recognize that logging of routine attorney-client communications in connection with ongoing litigation imposes an undue burden on the Parties. While the parties agree to work with each other in good faith to avoid any discovery dispute, they further agree to use Rule 37 to compel disclosure of a privilege log, under Rule 37's terms and conditions, if a party fails to produce a privilege log. The Parties agree that the following documents need not be included on a privilege log pursuant to Rule 26(b)(5): privileged communications to or from a lawyer or lawyer's representative, and documents that constitute protected work product, which (1) were created or made from the point at which a party consults a lawyer with a view to obtaining professional legal services from the lawyer in the prosecution or defense of a specific claim in the litigation in which discovery is requested, and (2) concern the litigation in which the discovery is requested.

11. **Limitations on Discovery.** The parties do not presently believe any changes should be made to the limitations on discovery beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules, including, for example, Federal Rules of Civil Procedure 26, 33, 34, and 36 and Local Court Rules CV-26, CV-33 and CV-36.

12. **Confidential Information.** There may be sensitive confidential information disclosed during discovery, and the Parties will submit the Western District Confidentiality and Protective Order for entry by the Court, if necessary.

13. **Orders Under Rule 26(c) or 16(b) and (c)**. The parties have agreed to the form of the Scheduling Order, attached hereto as Exhibit A. The Parties do not seek any further orders under Rule 26(c) or 16(b) and (c) at this time.

14. **Consent to Electronic Service**. The Parties consent pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) that the Parties may serve any document—including, for example, discovery requests, discovery responses, and expert and other disclosures—on the other party by electronic means, including, but not limited to, e-mail, FTP sites, or secure file-sharing services.

Respectfully submitted,

**GILSTRAP LAW GROUP PC**
1801 E. 51st Street, Suite 365-295
Austin, Texas 78723
Tel: (512) 813-2061

BY:     _/s/ Lessie C. Gilstrap_
         Lessie C. Gilstrap
         Attorney-in-charge
         Texas Bar No. 24012630
         Email: lessie@gilstraplawgroup.com
         Glorieni M. Azeredo
         Texas Bar No. 24077840
         Email: Gazeredo@gilstraplawgroup.com

         ATTORNEYS FOR PLAINTIFF
         FLASHPARKING, INC.

         and

         _/s/ Kirsten M. Schneider_
         Kirsten M. Schneider
         Admitted Pro Hac Vice
         Carey & Associates, P.C.
         71 Old Post Road
         Suite One Southport, CT 06890
         kschneider@capclaw.com


         ATTORNEY FOR DEFENDANT MICHAEL
         SELLERS MACDONALD

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September, 2023, the foregoing has been forwarded to counsel of record via email, as follows:

Sean D. Johnson
REID COLLINS & TSAI LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, TX 78746
sjohnson@reidcollins.com

Kirsten M. Schneider
Carey & Associates, P.C.
71 Old Post Road
Suite One Southport, CT 06890
kschneider@capclaw.com

*Attorneys for Defendant*
*Michael Sellers MacDonald*

                                                      */s/ Lessie C. Gilstrap*
                                                       Lessie C. Gilstrap