**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS AUSTIN DIVISION**

| | | |
|---|---|---|
| FLASHPARKING, INC.; | § | |
| Plaintiff, | § | CIVIL ACTION NO. 1:23-cv-0772-ML |
| V. | § | |
| | § | |
| MICHAEL SELLERS MACDONALD, Defendants. | § | DECEMBER 21, 2023 |
| | § | |

**DEFENDANT'S MOTION TO STAY DISCOVERY**
**PENDING ORDERS ON MOTION TO DISMISS AND MOTION TO REMAND**

**I.   INTRODUCTION**

Defendant, Michael Sellers MacDonald ("MacDonald" or "Defendant"), submits this Motion to Stay Discovery Pending the Court's Order on Defendant's Motions to Dismiss and Motion to Remand. As discussed below, good cause exists to issue a temporary stay of discovery because Plaintiff's claim against Defendant for violation of Texas Uniform Trade Secrets Act alleged in its Complaint may be resolved by the pending Motion to Dismiss[1]. Defendant filed its Motion to Dismiss arguing that Plaintiff failed to state a matter upon which relief may be granted, challenging this Court's jurisdiction, arguing improper venue, and also asserted that the Complaint

---

[1] As pled, it appears that Plaintiff's brought three causes of action in its Complaint for a violation of Texas Uniform Trade Secrets Act, attorney's fees, and injunctive relief, but in its responsive motion to Defendant's Motion to Dismiss Plaintiff asserts that is only brought a single cause of action for violation of the Texas Uniform Trade Secrets Act . [Dkt.10].

was filed without investigation and with the malicious intent to harm and harass Defendant. Plaintiff has filed a Motion to Remand this matter to Travis County Court.

Defendant asserts that a stay will avoid unnecessary expense and burden on the Defendant in responding to Plaintiff's discovery requests, which may become moot by the Court's order on the Motions to Dismiss. A stay is also in the interests of judicial economy because it may avoid needless disputes regarding discovery of an ultimately dismissed claim. Lastly, a stay will not unduly prejudice Plaintiff.

## II.     RELEVANT PROCEDURAL BACKGROUND

**A.     Plaintiff's Application for Temporary Injunction was Removed to Federal Court.**

On June 9, 2023, Flashparking filed its application for temporary injunction and alleged claims for violation of Texas Uniform Trade Secrets Act, attorney's fees, and injunctive relief in Texas County Court, No.2, Travis County, Texas, Case No. C-1-CV-23-002440.                               .

On June 12, 2023, the Court ordered that MacDonald be enjoined from using Flashparking's alleged confidential and proprietary information.

On July 5, 2023 MacDonald filed a Motion for Special Appearance objection to personal jurisdiction in Texas County Court.

On  July 6, 2023 without a show cause hearing, and without the presence of Defendant or his counsel, but with Plaintiff's counsel in attendance and after hearing its oral argument, the Court extended its order that MacDonald be enjoined from using Flashparking's alleged confidential and proprietary information.

On July 7, 2023, this present Removal Action was filed.

On July 7, 2023, the Texas County Court entered its Order on Defendant's Motion for Special Appearance challenging its personal jurisdiction over Defendant <u>after</u> the Removal Action was filed, and <u>after</u> it ruled on the extended temporary restraining order.

On August 2, 2023, Plaintiff filed a Motion to Remand [Dkt. 6].

On August 10, 2023, Defendant filed his Memorandum in Opposition to the Motion to remand [Dkt. 7].

On August 10, 2023, Defendant filed its Motion to Dismiss. [Dkt. 8,9]. A Response, Reply, a Motion for Sur-Reply followed, and a Memorandum in Opposition to the Motion for Sur-Reply followed. [Dkt. 11, 13, 14, 16].

The Motion to Dismiss challenges this Court's jurisdiction and venue and asserts that Plaintiff has failed to state a claim for which relief may be granted. Plaintiff also asserts that the Complaint was brought in bad faith with the intent to harm and without investigation and seeks and award for attorney's fees.

The Motion to Dismiss and the Motion to Remand have not been adjudicated by this Court.  If the Motion to Dismiss is granted, the discovery requests propounded on Defendant may be moot.

**B.      Discovery Requests Served to Date.**

On November 6, 2023, Plaintiff propounded its first interrogatories and requests for production on Defendant. [Exh. A]. The discovery requests to Defendant are vague, ambiguous, overbroad, unduly burdensome and beyond the scope of the allegations in the Complaint. Plaintiff is clearly on a fishing expedition to find information that it should have discovered initially, before filing a lawsuit. Moreover, most of the information and documents requested are in the possession and control of Plaintiff and not readily accessible to Defendant.  These discovery requests are objectionable even if they were timely. To require Defendant to respond to the discovery requests

prior to a decision on the Motion to Dismiss and a Motion to Remand is a waste of the parties' resources and a waste of this Court's resources managing potential discovery disputes.

### III.    STATEMENT OF ISSUE TO BE DECIDED

Whether discovery in this matter should be stayed pending the Court's disposition of Defendant's Motions to Dismiss and Plaintiff's Motion to Remand.

### IV.    LEGAL STANDARD

Defendant asserts that this Court should stay discovery until the pending Motions to Dismiss and Remand are resolved because no harm will come to either party and the untimely discovery requests are unduly burdensome for Defendant.

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)); *see also Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("We have constantly emphasized the broad discretion which a district judge may properly exercise in discovery matters."). A district court properly exercises this discretion to stay discovery upon a showing of good cause. *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016) (citing FED. R. CIV. P. 26(c)). Good cause exists when the party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Id.* Courts may also consider "(1) the breadth of discovery sought; (2) the burden of responding to that discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *See Von Drake v. National Broadcasting Co.*, No. 3:04CV-0652-R, 2004 WL 1144142 at *2 (N.D. Tex. May 20, 2004) (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).

To determine whether a stay is appropriate pending a dispositive motion, a district court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Bickford*, 2016 WL 1430063, at *1. For example, a stay of discovery may be appropriate where the disposition of a motion might preclude the need for the discovery altogether, thus saving time and expense. *See Von Drake*, 2004 WL 1144142 at *1 (staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for discovery altogether thus saving time and expense'") (quoting *Landry*, 901 F.2d at 436). A stay of discovery may also be appropriate where resolution of a pending motion to dismiss addresses legal issues which may dispose of the case. *See e.g., Sapp v. Mem. Hermann Healthcare Sys.*, 406 F. App'x 866, 871 (5th Cir. 2010) (affirming district court's decision to stay discovery when questions of law suggest that the case may not reach a determination on the merits); *Smith v. Potter*, 400 F. App'x 806, 813 (5th Cir. 2010) (affirming district court's decision to stay discovery when pending motion to dismiss addresses issues "largely legal rather than factual in nature"); *Conquest v. Camber Corp.*, No. 5:13-CV-1108-DAE, 2014 WL 172500, at *1 (W.D. Tex. Jan. 13, 2014) (granting defendant's motion to stay discovery pending resolution of the legal issues addressed in defendant's motion to dismiss).

## V.     ARGUMENT

### A.     Good Cause Exists to Stay Discovery because Plaintiff's Lone Claim May Not Survive the Pending Motion to Dismiss.

Plaintiff's claim for violation of TUTSA may be disposed of on the ruling on Motion to Dismiss, hence good cause exists for a stay of discovery. District courts have broad discretion to stay discovery proceedings "for good cause shown." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006); *Von Drake*, 2004 WL 1144142 at *1. Good cause may exist where preliminary questions that dispose of the case need to be determined. *Petrus*, 833 F.2d 581, 583

(5th Cir. 1987); *see also Guajardo v. Martinez*, No. 2:14-CV-450, 2015 WL 12831683, at *2 (S.D. Tex. Dec. 22, 2015) ("With Defendants' motion to dismiss pending, Defendants have shown good cause for staying discovery."); *Landry*, 901 F.2d at 435-36 (upholding the district court's grant of a stay pending the court's ruling on a motion for summary judgment because movants met their burden of showing why the discovery sought would be unduly expensive and burdensome).

       **1.**       **Defendant's Motion to Dismiss May Substantially Dispose of Plaintiff's Claim.**

Defendant filed Motion to Dismiss Plaintiff's Complaint in its entirety on August 10, 2023. In his Motion, Defendant argued that Plaintiff failed to state a claim for which relief can be granted, and challenged jurisdiction and venue. The issues raised in Defendant's Motion to Dismiss address preliminary questions that may dispose of Plaintiff's case in its entirety.

In *Von Drake*, defendants filed a motion for a temporary stay of discovery pending a ruling on their motion to dismiss plaintiff's complaint for failure to state a claim. 2004 WL 1144142, at *1. The court found that, although the magistrate judge could not predict the outcome of defendants' motion to dismiss, a cursory review of the motion revealed that defendants had substantial arguments for dismissal of many, if not all, of plaintiff's claims. *Id.* at *2. Further, the court found that plaintiff had not shown that a temporary stay of discovery would substantially or unduly delay litigation should his claims survive dismissal. *Id.* For these reasons, the court held that a stay of all discovery was warranted pending a ruling on defendants' motion to dismiss. *Id.*

Similarly, here, Defendant has filed a motion for a stay of all discovery pending a ruling on his Motion to Dismiss Plaintiff's Complaint for, among other arguments, failure to state a claim upon which relief can be granted. As argued in his Motion, Plaintiff has never presented any relevant evidence that MacDonald violated TUTSA and Defendant's Motion to Dismiss contains substantial arguments for dismissal of Plaintiff's claim.

Also, a temporary stay of discovery would not substantially or unduly delay the litigation should Plaintiff's claim survive dismissal. *See Von Drake*, 2004 WL 1144142, at *2; *see also Petrus*, 833 F.2d at *583 (holding the district court properly deferred discovery while deciding whether the defendants were proper parties to the action and that nothing plaintiff could have learned through discovery would have affected the resolution of defendants' 12(b)(6) motion); *Fujita*, 416 F. App'x at 402 (finding good cause to stay discovery where the pending summary judgment motion was dispositive). This litigation is still in its early stages. The parties have already briefed the pending motions to dismiss and to remand; and if not dismissed, Defendant must file his answer and numerous counterclaims. Accordingly, a temporary stay of all discovery pending a ruling on Defendants' Motions to Dismiss is warranted.

### 2.     A Stay of Discovery Would Prevent Unnecessary Expense and Burden.

Plaintiff's vague and overbroad discovery requests are an unnecessary burden and expense to this Court and to Defendant. In *Belmonte v. Medstar Mobile Healthcare*, defendants moved for a stay of discovery pending resolution of the issues of subject matter jurisdiction and immunity presented by its Rule 12(b)(1) and 12(b)(6) motion to dismiss. No. 3:19-CV-1867-N, 2020 WL 6119907, slip o.p. at *1 (N.D. Tex. Apr. 3, 2020). The broad issue being whether the Court could even hear the matter, and if the motion to dismiss was granted, any discovery related to immunity or jurisdiction was moot and unnecessary. The court found that temporarily granting the stay prior to its consideration of the motion to dismiss would not prejudice plaintiff. *Id.* Further, the court found that the stay would prevent unnecessary expense and discovery burden from falling on defendants if the court determined, after turning to the motion to dismiss, that discovery is unnecessary to resolve the legal issues presented by it. *Id*; *see also Stollings v. Texas Tech Univ.*, No. 5:20-CV250-H, 2021 WL 4171815, at *2 (N.D. Tex. Apr. 13, 2021) ("[A]ny potential delay

7

is justified at this stage. 'If [d]efendants must respond to discovery now and the Motion to Dismiss is later granted, resources will have been expended needlessly.'") (quoting *Davis v. Landrieu*, No. 18-CV-231, 2018 WL 10760297, at *2 (E.D. La. Apr. 5, 2018).

Here, Plaintiff's discovery requests seek information regarding the very issues raised by Defendant's Motion to Dismiss. These are preliminary issues that should have been investigated by Plaintiff before it even filed its lawsuit. Further, Plaintiff's discovery requests to Defendant are overly broad, vague and ambiguous, and seek information irrelevant to Plaintiff's claim or that is in the possession and control of Plaintiff.[2] Procuring the information necessary to respond to these requests would require the Defendant to expend a substantial amount of time, effort, and expense in order to provide thorough and complete responses. Moreover, if the claim is disposed of on the Motion to Dismiss, the request is moot. Temporarily staying discovery prior to the Court's decision on Defendants' Motions to Dismiss is justified at this stage and would not prejudice Plaintiff. Additionally, a stay would prevent unnecessary expense and discovery burden from falling on Defendant if the court determines, after ruling on the pending motions to dismiss and remand, that discovery is unnecessary to resolve the legal issue presented by Plaintiff.

**B.     Staying Discovery is in the Interest of Justice and Promotes Judicial Economy.**

It is within the Court's discretion to order proceedings in the interest of justice and judicial economy. *See Brown v. DFS Servs., L.L.C.*, 434 F. App'x 347, 354 (5th Cir. 2011) ("It is properly within the province for the district court to stay discovery pending resolution of dispositive

---

[2] For example, Plaintiff's Request for Production No. 2 seeks "All Documents and Communications relating to or referring to the collection, possession, or use of the Data." This request is overbroad and unduly burdensome, vague and ambiguous and is a fishing expedition. The term "data" is defined by Plaintiff as "'Data' refers to the over 4 million Flashparking digital customer transactions you downloaded from Looker as alleged in Flashparking's Original Petition." However, the definition of "data" as described by Plaintiff is adamantly disputed (and repeatedly briefed in various motions) as transaction information used in the course and scope of MacDonald's employment, for the benefit of Plaintiff, with the knowledge of his superiors, and any communications related to the "data" was recorded and stored on Plaintiff's in house communications systems. If Plaintiff cannot locate information that is in its possession and control, it is because it does not exist.

motions, as the court has wide latitude to order proceedings in the interest of justice and judicial economy."). This case is still in its early stages, and multiple motions are pending that may dismiss this matter in its entirely or transfer it to a different venue either remanding it to State Court or transferring it to the United States District Court, District of Connecticut.

Hence, resolution of the pending motions may have a significant impact on the disposition of this case. More so, the discovery requests to Defendant are vague, ambiguous, overbroad, unduly burdensome, and like its Complaint, propounded with the intent to harm Defendant, and cause him undue expense. It is not just to request that Defendant attempt to gather information that does not exist or, if it does exist, is in the possession and control of Plaintiff, a multi-billion dollar company.[3] As such, temporarily staying discovery would avoid the expensive and time spent responding to claims that may not survive a motion to dismiss. *See Landry*, 901 F.2d at 435-36; *Stollings*, 2021 WL 4171815, at *2.

Further, as Defendant anticipates objecting to the scope of many of Plaintiff's discovery requests, and filing numerous counterclaims that will require extensive discovery, there may be discovery disputes that require the Court's attention, through a telephone conferences and potentially briefing. Further, a stay of discovery pending resolution of Defendant's Motion would simplify the issues for trial and reduce the burden on both the parties and this Court. *See Stragent LLC v. BMV of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083, at *1 (E.D. Tex. July 11, 2017) ("A stay is appropriate because it will not unduly prejudice Plaintiff, the case is in its early stages, it will simplify the issues for trial, and it will reduce the burden on the parties and the Court.).

---

[3] Defendant is an individual, who is presently unemployed because of Plaintiff; who has repeatedly provided affidavits to Plaintiff stating he does not possess and has not used Flashparking information for his own purposes; who has filed a motion to dismiss that may dismiss the vexatious lawsuit filed against him; and who is of meager means and without the financial means to answer unnecessary or premature litigation requests.

Moreover, a stay of discovery would also preserve judicial economy to the extent unnecessary discovery disputes are avoided entirely. Plaintiff has filed a Motion to Remand this action to state court and Defendant has challenged this Court's jurisdiction and requested a change of venue to U.S.D.C., Dist. Of Connecticut. Accordingly, to eliminate undue delay and unnecessary expense, and to alleviate the burden on the parties and this Court, discovery should be stayed until it is determined whether Plaintiff's claim survives the Motion to Dismiss and which Court has proper jurisdiction over this matter.

**C.      Staying Discovery Will Not Unduly Prejudice Plaintiff.**

Finally, a stay of discovery will not substantially or unduly delay this litigation. The Defendant's request for a discovery stay is of limited duration, seeking a stay only for the period of time necessary for the Court to rule on the Defendant's Motions to Dismiss and Plaintiff's Motion to Remand. Additionally, if Plaintiff's claims survive dismissal, Plaintiff may still conduct discovery on its claim after the court's ruling. *See Von Drake*, 2004 WL 1144142, at *2 (holding a stay was warranted where "Plaintiff has not shown that a temporary stay of discovery will substantially or unduly delay the litigation should his claims survive summary dismissal."). Therefore, granting a stay of discovery will not prejudice Plaintiff. Defendant's Motion to Stay should be granted.

## VI.      CONCLUSION

WHEREFORE, Defendant Michael MacDonald respectfully requests that the Court stay discovery in the matter pending orders on their Motions to Dismiss and Motion to Remand.

Respectfully Submitted,

DEFENDANT
MICHAEL SELLERS MACDONALD

*By:/s/ Kirsten M. Schneider*
Kirsten M. Schneider
Admitted Pro Hac Vice
Carey & Associates, P.C.
71 Old Post Road, Suite One
Southport, CT 06890
(203) 255-4150 tel
(203) 255-0380 fax
kschneider@capclaw.com
His Attorney

CERTIFICATION OF SERVICE

Pursuant to Efiling federal and local rules, this is to certify that on December 21, 2023, a copy of the foregoing with exhibits was filed electronically on the United States District Court, Western Div. Texas, Austin efiling system, emailed to the parties below, and delivered to all those with access to such efiling system and mailed, postage prepaid, to those parties without electronic access. The electronic transmission was reported as complete.

*/s/ Kirsten M. Schneider*
Kirsten M. Schneider
kschneider@capclaw.com

The foregoing document was emailed to:

FOR PLAINTIFF:
Lessie C. Gilstrap, Esq.
lessie@gilstraplawgroup.com
Glorieni M. Azeredo, Esq.
gazeredo@gilstraplawgroup.com