# EXHIBIT A

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| FLASHPARKING, INC. | § | |
| | § | |
| | § | |
| V. | § | Civil No. 1:23-CV-772-DII |
| | § | |
| MICHAEL SELLERS MACDONALD | § | |

## PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES
## TO DEFENDANT MICHAEL SELLERS MACDONALD

To:   Defendant Michael Sellers MacDonald, by and through his attorney of record, Kirsten M. Schneider, Carey & Associates, P.C., 71 Old Post Road, Suite One Southport, CT 06890.

Pursuant to the Federal Rules of Civil Procedure 33 and 34, Plaintiff FlashParking, Inc. serves this First Set of Interrogatories to Defendant Michael Sellers MacDonald and asks that he serve a written response within thirty days of service of these requests.

Respectfully submitted,

**GILSTRAP LAW GROUP PC**
1801 E 51st Street, Suite 365-295
Austin, Texas 78723
Telephone: (512) 813-2061

By:   */s/ Lessie C. Gilstrap*
Lessie C. Gilstrap
Attorney-in-charge
Texas Bar No. 24012630
Email: Lessie@gilstraplawgroup.com
Glorieni M. Azeredo
Texas Bar No. 24077840
Email: Gazeredo@gilstraplawgroup.com

ATTORNEYS FOR PLAINTIFF
FLASHPARKING, INC.

1

EXHIBIT A

### CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2023, the foregoing was served upon counsel of record through email:

Sean D. Johnson
REID COLLINS & TSAI LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, TX 78746
sjohnson@reidcollins.com

Kirsten M. Schneider
Carey & Associates, P.C.
71 Old Post Road
Suite One Southport, CT 06890
kschneider@capclaw.com

*Attorneys for Defendant*
*Michael Sellers MacDonald*

*/s/ Lessie C. Gilstrap*
Lessie C. Gilstrap

EXHIBIT A

## DEFINITIONS

1. "**MacDonald**" refers to Defendant Michael Sellers MacDonald, and includes his agents, consultants, experts, representatives, attorneys, and all other persons or entities acting on his behalf.

2. "**You**" or "**Your**" refers to MacDonald.

3. "**FlashParking**" refers to Plaintiff FlashParking, Inc., and includes its employees, agents, consultants, experts, representatives, attorneys, and all other persons or entities acting on his behalf.

4. The "**Lawsuit**" refers to the above-entitled cause of action.

5. "**ChatGPT**" refers to ChatGPT or a similar artificial intelligence platform and shall have the meaning assigned to it in Paragraph 10 of FlashParking's Original Petition.

6. "**Looker**" refers to a tool used to query, summarize and visualize data and shall have the meaning assigned to it in Paragraph 11 of FlashParking's Original Petition.

7. "**Data**" refers to the over 4 million FlashParking digital customer transactions you downloaded from Looker as alleged in FlashParking's Original Petition.

8. "**Motion**" refers to MacDonald's Motion to Dismiss the Complaint for Improper Venue, Forum Non Conveniens, and, in the Alternative, Motion to Dismiss for Failure to State a Claim and Motion to Transfer Venue, and Memorandum in Law regarding the same, both of which were filed as Docs. 8 and 9 in this Lawsuit.

9. "**Affidavit**" refers to the affidavit of MacDonald attached as Exhibit A to the Motion, which was filed as Doc. 9-1 in this Lawsuit.

10. "**Identify**" when referring to a document has the meaning set forth in Rule CV-26 of the Local Court Rules of the United States District Court for the Western District of Texas.

11. "**Identify**" when referring to a person has the meaning set forth in Rule CV-26 of the Local Court Rules of the United States District Court for the Western District of Texas.

12. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production any and all documents that might otherwise be construed as outside its scope.

13. The plural use of any word used herein includes the singular, and the singular use includes the plural where the clear meaning is not distorted by the change of tense. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense where the clear meaning is not distorted by the change of tense.

# EXHIBIT A

## **INTERROGATORIES**

**INTERROGATORY NO. 1**:  Identify the Mac device from which you signed into your FlashParking account on April 19, 2023 as depicted on Exhibit A-2 to FlashParking's Original Petition.

**INTERROGATORY NO. 2**:  Identify each and every email address and telephone number that you have owned, controlled, or used from January 1, 2022 to the present.

**INTERROGATORY NO. 3**:  Identify every computer, tablet, phone, cloud storage account, USB drive or similar devices or storage accounts on which you have saved or accessed FlashParking data, or on which you have performed business on behalf of Flash Parking from January 1, 2022 to the present.  For each device or storage account, identify its current location and whether any Flash Parking data is currently located on the device or storage account.

**INTERROGATORY NO. 4**:  Identify every device on which you stored the Data from April 1, 2023 until the present, including but not limited to computers, tablets, phones and cloud storage. For every device, identify (i) the type of device, (ii) whether the device remains in your possession, and (iii) if the device is not in your possession, what happened to the device.

**INTERROGATORY NO. 5**: Identify each visit you have taken to Texas from September 1, 2019 until present.  For each visit, identify (i) the dates of the visit and (ii) the purpose of the visit.

**INTERROGATORY NO. 6**:  Describe each instance in which you have accessed the Data from April 1, 2023 until present.

**INTERROGATORY NO. 7**:  Identify every person who has had access to your copy of the Data.

**INTERROGATORY NO. 8**:  Identify each instance where you contend you communicated with a FlashParking employee regarding your use of ChatGPT from February 1, 2023 until present.  For every instance, identify: (i) the date of the communication, (ii) the individual(s) involved in the communications, and (iii) the substance of the communications.

**INTERROGATORY NO. 9**:  Identify the factual bases for your contention that "[m]any other FlashParking employees also used ChatGPT" as alleged in paragraph 28 of your Affidavit, including the employees' names and the nature of their use of ChatGPT for work for FlashParking.

**INTERROGATORY NO. 10**:  Identify each instance from February 1, 2023 until present where you used ChatGPT "to research and develop new ideas and business avenues for FlashParking" as alleged in paragraphs 28 and 35 of your Affidavit.  For each instance, identify (i) the date you used ChatGPT and (ii) the substance of the inquiries to and responses from ChatGPT.

**INTERROGATORY NO. 11**:  Identify each instance from February 1, 2023 until present where you used ChatGPT to research and develop new ideas and business avenues for "Bingo". For each instance, identify (i) the date you used ChatGPT and (ii) the substance of the inquiries to and responses from ChatGPT.

4

EXHIBIT A

**INTERROGATORY NO. 12**:  Identify the factual bases for your contention that "an important piece of really maximizing the value" of FlashParking's parking transaction information is "continued and licensed access to the information" as alleged in paragraph 65 of your Affidavit.

# EXHIBIT A

IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| FLASHPARKING, INC. | § | |
| | § | |
| | § | |
| V. | § | Civil No. 1:23-CV-772-DII |
| | § | |
| MICHAEL SELLERS MACDONALD | § | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT MICHAEL SELLERS MACDONALD

To:     Defendant Michael Sellers MacDonald, by and through his attorney of record, Kirsten M. Schneider, Carey & Associates, P.C., 71 Old Post Road, Suite One Southport, CT 06890.

Pursuant to the Federal Rules of Civil Procedure 33 and 34, Plaintiff FlashParking, Inc. serves this First Request for Production to Defendant Michael Sellers MacDonald and asks that he serve a written response and produce the requested documents within thirty days of service of these requests.  Production shall be accomplished by producing the requested documents to Gilstrap Law Group at 1100 West Avenue, Austin, Texas 78701.

Respectfully submitted,

**GILSTRAP LAW GROUP PC**
1801 E 51st Street, Suite 365-295
Austin, Texas 78723
Telephone: (512) 813-2061

By:     */s/ Lessie C. Gilstrap*
Lessie C. Gilstrap
Attorney-in-charge
Texas Bar No. 24012630
Email: Lessie@gilstraplawgroup.com
Glorieni M. Azeredo
Texas Bar No. 24077840
Email: Gazeredo@gilstraplawgroup.com

1

# EXHIBIT A

ATTORNEYS FOR PLAINTIFF
FLASHPARKING, INC.

### CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2023, the foregoing was served upon counsel of record through email:

Sean D. Johnson
REID COLLINS & TSAI LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, TX 78746
sjohnson@reidcollins.com

Kirsten M. Schneider
Carey & Associates, P.C.
71 Old Post Road
Suite One Southport, CT 06890
kschneider@capclaw.com

*Attorneys for Defendant*
*Michael Sellers MacDonald*

/s/ Lessie C. Gilstrap
Lessie C. Gilstrap

# EXHIBIT A

## DEFINITIONS

1. "**Documents**" has the meaning as set forth in Rule CV-26 of the Local Court Rules of the United States District Court for the Western District of Texas.

2. "**Communications**" has the meaning set forth in Rule CV-26 of the Local Court Rules of the United States District Court for the Western District of Texas.

3. "**MacDonald**" refers to Defendant Michael Sellers MacDonald, and includes his agents, consultants, experts, representatives, attorneys, and all other persons or entities acting on his behalf.

4. "**You**" or "**Your**" refers to MacDonald.

5. "**FlashParking**" refers to Plaintiff FlashParking, Inc., and includes its employees, agents, consultants, experts, representatives, attorneys, and all other persons or entities acting on his behalf.

6. The "**Lawsuit**" refers to the above-entitled cause of action.

7. "**ChatGPT**" refers to ChatGPT or a similar artificial intelligence platform and shall have the meaning assigned to it in Paragraph 10 of FlashParking's Original Petition.

8. "**Looker**" refers to a tool used to query, summarize and visualize data and shall have the meaning assigned to it in Paragraph 11 of FlashParking's Original Petition.

9. "**Data**" refers to the over 4 million FlashParking digital customer transactions you downloaded from Looker as alleged in FlashParking's Original Petition.

10. "**Motion**" refers to MacDonald's Motion to Dismiss the Complaint for Improper Venue, Forum Non Conveniens, and, in the Alternative, Motion to Dismiss for Failure to State a Claim and Motion to Transfer Venue, and Memorandum in Law regarding the same, both of which were filed as Docs. 8 and 9 in this Lawsuit.

11. "**Affidavit**" refers to the affidavit of MacDonald attached as Exhibit A to the Motion, which was filed as Doc. 9-1 in this Lawsuit.

12. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production any and all documents that might otherwise be construed as outside its scope.

13. The plural use of any word used herein includes the singular, and the singular use includes the plural where the clear meaning is not distorted by the change of tense. The past tense of a verb used herein includes the present tense, and the present tense includes the past tense where the clear meaning is not distorted by the change of tense.

3

EXHIBIT A

## **INSTRUCTIONS**

1. Each of these Requests shall be construed as calling for the production of Documents or information regardless of whether the information is located in hard-copy Documents or is electronically or magnetically stored.

2. Electronically stored information ("ESI") should be produced as single-page tiff images with accompanying text extraction and searchable OCR, together with load files containing metadata with the exception of Microsoft Excel Spreadsheets, source code, audio, video and database-type files including, but not limited to, Microsoft Access – these should be produced in native format. PowerPoint Documents should be processed with hidden slides and all speaker notes unhidden, and should be processed to show both the slide and the speaker's notes on the tiff image. Each native file should be named according to the Bates number assigned to it.

EXHIBIT A

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**: All Documents and Communications evidencing, relating to, or referring to any inquiries you have made to ChatGPT from January 1, 2023 until the present concerning parking locations, including but not limited to as the inquiries described in paragraphs 28, 35, 36, 37, 38, and 135 of your Affidavit.

**REQUEST FOR PRODUCTION NO. 2**: All Documents and Communications relating to or referring to the collection, possession, or use of the Data.

**REQUEST FOR PRODUCTION NO. 3**: All Documents and Communications relating to or referring to the destruction of any of the Data.

**REQUEST FOR PRODUCTION NO. 4**: All Documents and Communications sent between your FlashParking email address and any of your personal email accounts from January 2023 until your termination on June 8, 2023, including but not limited to any emails from or to macovich.macdonald@gmail.com.

**REQUEST FOR PRODUCTION NO. 5**: All Documents and Communications between you and FlashParking from April 1, 2023 to the present.

**REQUEST FOR PRODUCTION NO. 6**: All Documents and Communications relating to or referring to conversations or meetings with Matt Perille from August 1, 2022 until present, including but not limited to text messages, email correspondence, notes, calendar notifications and social media messages.

**REQUEST FOR PRODUCTION NO. 7**: All Documents and Communications relating to or referring to conversations or meetings with Dan Roarty from August 1, 2022 until present, including but not limited to text messages, email correspondence, notes, calendar notifications and social media messages.

**REQUEST FOR PRODUCTION NO. 8**: All Documents and Communications relating to or referring to conversations or meetings with Jessica Weissburg from August 1, 2022 until present, including but not limited to text messages, email correspondence, notes, calendar notifications, social media messages and the conversations as described in paragraphs 137-144 of your Affidavit.

**REQUEST FOR PRODUCTION NO. 9**: All Documents and Communications relating to or referring to conversations or meetings with Mike Wright from August 1, 2022 until present, including but not limited to text messages, email correspondence, notes, calendar notifications and social media messages.

**REQUEST FOR PRODUCTION NO. 10**: All Documents and Communications relating to or referring to conversations or meetings with Brett Ransby from August 1, 2022 until present, including but not limited to text messages, email correspondence, notes, calendar notifications and social media messages.

5

# EXHIBIT A

**REQUEST FOR PRODUCTION NO. 11**: All Documents and Communications relating to or referring to conversations or meetings with Taylor Chapman from August 1, 2022 until present, including but not limited to text messages, email correspondence, notes, calendar notifications and social media messages.

**REQUEST FOR PRODUCTION NO. 12**: All Documents and Communications relating to or referring to conversations or meetings with Jeff Judge from August 1, 2022 until present, including but not limited to text messages, email correspondence, notes, calendar notifications, social media messages, and the conversation as described in paragraph 34 of your Affidavit.

**REQUEST FOR PRODUCTION NO. 13**: All Documents and Communications relating to or referring to conversations or meetings with Cheng Ding from August 1, 2022 until present, including but not limited to text messages, email correspondence, notes, calendar notifications, social media messages, and the conversations as described in paragraphs 137-140 and 142-143 of your Affidavit.

**REQUEST FOR PRODUCTION NO. 14**: All Documents and Communications relating to or referring to your visit to Austin, Texas from August 9–12, 2021 as referenced in paragraph 8 of your Affidavit.

**REQUEST FOR PRODUCTION NO. 15**: All Documents and Communications relating to or referring to your visit to Austin, Texas from February 14–16, 2022 as referenced in paragraph 8 of your Affidavit.

**REQUEST FOR PRODUCTION NO. 16**: All Documents and Communications relating to or referring to your visit to Austin, Texas from August 3–4, 2022 as referenced in paragraph 8 of your Affidavit.

**REQUEST FOR PRODUCTION NO. 17**:  All Documents and Communications relating to or referring to any reimbursements you received from FlashParking for traveling to Austin, Texas from August 1, 2021 until the present, including but not limited to receipts and back statements.

**REQUEST FOR PRODUCTION NO. 18**:  All Documents and Communications supporting your contention that the parking transaction information you used in the AI search "could not be used elsewhere or given to another because that information is real time historical information and outdated the moment there was a major weather event, sporting event, departure of a major employer or any other million types of changes that effect parking transactions" as alleged in paragraph 37 of your Affidavit.

**REQUEST FOR PRODUCTION NO. 19**: All Documents and Communications relating to or referring to a presentation created for a meeting with Anthony Broad Crawford as alleged in paragraph 38 of your Affidavit.

**REQUEST FOR PRODUCTION NO. 20**: All Documents and Communications supporting your contentions regarding FlashParking's value or actual revenue as alleged in paragraphs 60-62 of your Affidavit.

6

EXHIBIT A

**REQUEST FOR PRODUCTION NO. 21**: All Documents and Communications relating to or referring to a meeting held on March 7, 2023 where you contend you discussed using ChatGPT as alleged in paragraph 136 of your Affidavit.

**REQUEST FOR PRODUCTION NO. 22**: All Documents and Communications relating to or referring to a presentation you contend was developed "in regard to the AI search I performed that is the subject of the litigation" as alleged in paragraph 155 of your Affidavit.

**REQUEST FOR PRODUCTION NO. 23**: All Documents and Communications relating to or referring to a presentation you contend was developed "in regard to the AI search I performed that is the subject of the litigation" as alleged in paragraph 155 of your Affidavit.