IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| FLASHPARKING, INC. | § § § | |
| V. | § § | Civil No. 1:23-CV-772-DII |
| MICHAEL SELLERS MACDONALD | § § | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO STAY DISCOVERY**

Plaintiff FlashParking, Inc. ("FlashParking") files this Response to the Motion to Stay Discovery [Doc. 24] (the "Motion") filed by Defendant Michael Sellers MacDonald ("MacDonald") as follows:

**SUMMARY**

1.   MacDonald argues that "good cause" exists to stay discovery because the claims against it "may be resolved by the pending Motion to Dismiss." Motion, p. 1. While, a stay may be granted in theory, "in practice such stays are very rare and almost never wise."[1] And "[i]n the Fifth Circuit, staying discovery while a motion to dismiss is pending is the exception rather than the rule."[2] Here, there is no "good cause," and the Court should summarily deny the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

2.   FlashParking is an Austin-based company that develops and sells software and hardware to assist its customers with parking solutions across Texas and the United States. Doc 1-1, p. 10, ¶3. As part of its business, FlashParking has highly confidential information, including

---

[1] *360 Mortgage Grp. v. Loancare LLC*, 2018 U.S. Dist. LEXIS 202816 at *1 (W.D. Tex. Nov. 30, 2018).

[2] *Butowsky v. Folkenflik*, 2019 U.S. Dist. 215339 at *6 (E.D. Tex. Jan. 9. 2019).

1

but not limited to operating procedures, marketing, advertising, and statistics reflecting parking durations, rates, capacities, and hours of operation for millions of parking transactions at thousands of parking locations across Texas and the United States. *Id.*, ¶ 5. MacDonald, in his role as Director of Product Operations for FlashParking, had access to this highly confidential information. *Id.*

3. On May 24, 2023, FlashParking advised MacDonald that his position would be eliminated due to a reduction in force. *Id.*, p. 11, ¶ 6. After the meeting, FlashParking accessed MacDonald's email account and discovered he had deleted all his emails. *Id.* Upon further investigation, FlashParking discovered that MacDonald (while still employed at Flash Parking) downloaded over 4 million confidential customer transactions and then made queries to ChatGPT seeking ways to use the stolen data to start his own company. *Id.*, pp. 11-12, ¶¶ 7-9.

4. On June 9, 2023, FlashParking filed its Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction against MacDonald in Texas state court (the "Petition"). *See* Doc. 1-1, pp. 4-43. The only cause of action asserted by FlashParking in the Petition is under the Texas Uniform Trade Secrets Act ("TUTSA"). *Id.*, p. 7.[3]

5. On June 12, 2023, FlashParking obtained a Temporary Restraining Order ("TRO") against MacDonald, restraining him from, among other things, using the confidential information he stole from FlashParking. *Id.*, pp. 46-47. On June 15, 2023, the state court signed a First Amended TRO extending the order until the hearing date on the temporary injunction ("TI") on July 7, 2023. *Id.*, pp. 50-52.

6. Prior to the TI hearing, MacDonald filed several documents with the state court sent several communications to the state court judge arguing that the TI hearing should be

---

[3] FlashParking's requests for injunctive relief and an award of attorney's fees are based on the statutory provisions of TUTSA. *Id.*

2

continued. *Id.*, pp. 2-3, 56-78; Doc. 6-1, pp. 1, 8; Doc. 6-3. The state court ultimately denied the request for the continuance, announced the TI hearing would proceed on July 7, 2023, and advised that he would hear MacDonald's Motion for Special Appearance prior to the TI hearing. *Id.*, p. 1; Doc. 6-4.

7.  On July 7, 2023, at 9:00 a.m., the state court held the hearing on (1) MacDonald's Motion for Special Appearance, and (2) Flash Parking's Application for TI. Despite having actual notice of the hearing, and despite having communicated with the Court regarding the hearing, neither MacDonald nor anyone from the two law firms representing him appeared. *See* Doc. 3-1, p. 4.

8.  The state court first considered MacDonald's Motion for Special Appearance, and after hearing argument, denied it. The state court then heard argument and evidence regarding FlashParking's application for TI. After the conclusion of evidence, the state court orally granted the TI and ordered counsel for FlashParking to submit proposed orders for both motions heard that day. Later that same day, on July 7, 2023, the following events occurred:

| | |
|---|---|
| 11:31 a.m. | FlashParking submitted to the state court proposed orders (1) denying MacDonald's Motion for Special Appearance and (2) granting the TI. |
| | <u>MacDonald's counsel was copied on the email submitting these draft orders to the state court judge and therefore knew the court had ruled against him on both motions</u>.[4] |
| 3:06 p.m. | The state court signed the order denying MacDonald's Motion for Special Appearance. *See* Doc. 3-1, pp. 2-3. |
| 3:15 p.m. | The state court signed the TI against MacDonald. *See id.*, pp. 4-7. |

---

[4] Doc. 6-5 ("Pursuant to the Court's request and <u>based on the Court's rulings made today</u>, please see Plaintiff's attached proposed orders in both Word and PDF (1) denying Defendant's Motion for Special Appearance and (2) Temporary Injunction.") (emphasis added).

| | |
|---|---|
| 6:08 p.m. | Unhappy with the state court's rulings, MacDonald filed his Notice of Removal alleging diversity jurisdiction. *See* Doc. 1; *see also* Doc. 6-6 (reflecting the 6:08 time stamp). |

9. On August 2, 2023, FlashParking filed its Motion to Remand [Doc. 6] which included a motion for attorneys' fees on the grounds that MacDonald had removed the case to circumvent the rulings against him in state court. On August 10, 2023, MacDonald filed his Motion to Dismiss. Docs. 8, 9. Both the Motion to Remand and the Motion to Dismiss have been fully briefed by the parties. On November 6, 2023, following receipt of the parties' consent, the Court issued an order transferring this case to Judge Mark Lane for all proceedings. Doc. 22.

## ARGUMENT AND AUTHORITIES

**A.      Legal Standard**

10. Upon a motion by a party and for good cause shown, a district court can limit discovery and "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). To show "good cause" under Rule 26, the party seeking a stay of discovery must show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. *Yeti Coolers, LLC v. Magnum Solace, LLC*, 2016 U.S. Dist. LEXIS 144473 at *2 (W.D. Tex. Oct. 19, 2016) (quoting *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998)).

11. In the Fifth Circuit, staying discovery while a motion to dismiss is pending "is the exception rather than the rule." *Griffin v. American Zurich Ins. Co.*, 2015 U.S. Dist. LEXIS 178956 at *2 (N.D. Tex. Mar. 18, 2015). A motion to stay discovery is not "automatically granted whenever a motion to dismiss is pending." *Id.* "Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss." *Id.*

4

12. While, in theory, a court may find good cause to stay discovery when there is a pending motion to dismiss, "in practice, such stays are very rare and almost never wise." *Id.* at *2-3 (citing *Glazer Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 2008 U.S. Dist. LEXIS 56564 at *1 (N.D. Tex. July 23, 2008) and *Von Drake v. National Broad. Co.*, 2004 U.S. Dist. LEXIS 25090 at *1 (N.D. Tex. May 20, 2004)).

13. Furthermore, it is not the practice of this Court to stay discovery proceedings due to pending dispositive motions. *Gibraltar Cable Barrier Sys., LP v. Neusch*, 2017 U.S. Dist. LEXIS 231234 at *1 (W.D. Tex. July 14, 2017) (Lane, J.).

**B.    MacDonald has failed to meet his burden to show "good cause" under Rule 26.**

14. To show "good cause" under Rule 26, MacDonald has the burden to show the necessity of the stay by the particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. *See Yeti*, 2015 U.S. Dist. LEXIS 178956 at *2; *Shenzen Tange Li'an E-Commerce Co. v. Drone Whirl, LLC*, 2021 U.S. LEXIS 51733 at *4 (W.D. Tex. Mar. 19, 2021). MacDonald has failed to meet his burden.

### 1.    MacDonald's statement that his Motion to Dismiss "may substantially dispose of Plaintiff's claim" is false, conclusory, and insufficient to show "good cause."

15. In Part V(A)(1) of the Motion, MacDonald makes the conclusory statement that "the issues raised in Defendant's Motion to Dismiss address preliminary questions that may dispose of Plaintiff's case in its entirety." Motion, p. 6. The only "fact" offered in support of that statement is, "Plaintiff has never presented any relevant evidence that MacDonald violated TUTSA and Defendant's Motion to Dismiss contains substantial arguments for dismissal of Plaintiff's claim." *Id*. In the first place, at the pleading stage, FlashParking does not have the burden to "present relevant evidence," but in any event, it did. Specifically, attached to FlashParking's state court Petition is an affidavit and 28 pages of transcripts from MacDonald's ChatGPT queries in

5

which MacDonald admits that he is starting a new company called "Bingo" and plans to use his "access to information about 50,000,000 transactions at 10,000 parking locations across the U.S." Doc 1-1, pp. 10-41.  Also attached to the Petition are screenshots showing that MacDonald connected his personal device to FlashParking's database containing this information.  *Id.*, pp. 42-43.  It is hard to imagine a situation where more "relevant evidence" was presented to the court at the pleading stage.  Moreover, even though MacDonald makes the vague statement that his "Motion to Dismiss contains substantial arguments for dismissal of Plaintiff's [TUTSA] claim," he utterly fails to identify even one of those arguments in his Motion.

16. MacDonald's heavy reliance on the *Von Drake* for the suggestion that motions to stay should be routinely granted is misplaced.  *Von Drake* was filed by a pro se plaintiff accusing NBC and others (including the CEO of NBC) of race and age discrimination for failing to select him as a finalist in a singing competition on *The Today Show*. *Von Drake v. National Broad. Co.*, 2004 U.S. Dist. LEXIS 25090 at *1 (N.D. Tex May 20, 2004) (Kaplan, J.).  Along with the complaint, the plaintiff served defendants with multiple interrogatories and document requests seeking detailed information about the 6,000 people who applied for the singing competition, federal tax returns for the past five years, and copies of felony arrest records for NBC executives. *Id.* at *3. Under these circumstances, the court was able to easily determine through a "cursory review" that defendants had raised substantial arguments in favor of dismissal of the pro se plaintiff's complaint, and granted their motion to stay discovery of discovery requests, which the court characterized as "overly broad and harassing."  *Id.* at *4.  Four years later, Judge Kaplan identified the unsophisticated nature of the plaintiff's claims and that the plaintiff had filed more than 26 lawsuits in the preceding five years) as the reason why he had granted a motion to stay

discovery in *Von Drake*.[5] *Glazer*, 2008 U.S. Dist. LEXIS 56564 at *4 & n. 2.

### 2. MacDonald's conclusory statement that FlashParking's discovery requests are overbroad and an unnecessary burden is false and insufficient to support "good cause" for a stay.

17. In support of his Motion MacDonald, mainly raises a litany of improper "conclusory" and "stereotyped" statements[6] rather than the specific demonstration of fact needed to show "good cause." *Yeti*, 2015 U.S. Dist. LEXIS 178956 at *2.

18. The facts, however, reflect that FlashParking propounded twelve interrogatories and twenty-three requests for production (the "Requests"). *See* Motion, Ex. A, pp. 6-12. There is nothing annoying, embarrassing, oppressive, or overly burdensome in these Requests. To the contrary, the Requests seek straightforward information tailored to the issues in this case. Specifically, the Requests ask for documents and information relating to: (i) MacDonald's inquiries to ChatGPT, (ii) the collection, status and existence of the data that MacDonald took from FlashParking, (iii) identification of the electronic devices and email accounts used by MacDonald that may have been involved in the theft of FlashParking's data, (iv) communications

---

[5] MacDonald cites dicta in a single case, *Von Drake,* for the proposition that FlashParking has the burden to show it would be prejudiced by a stay of discovery. *See* Motion, p. 10. However, the court's dicta in this outlier case should not be read to impose such a burden. But even if it did, FlashParking would certainly experience prejudice in the event of a stay since it would be unable to prepare for trial without the basic discovery at issue in this Motion.

[6]    - "Plaintiff's discovery requests seek information regarding the very issues raised by the [Motion]." Motion, p. 8.
    - "Plaintiff's discovery requests . . .are overly broad, vague, and ambiguous." *Id.*
    - "If the claim is disposed of . . . the request is moot." *Id.*
    - "[A temporary stay] is justified at this stage and would not prejudice Plaintiff." *Id.*
    - "[A] stay would prevent unnecessary expense . . ." ˆ*Id.*
    - "This case is still in its early stages, and multiple motions are pending that may dismiss this matter in its entirely [sic] . . ." *Id.*, p. 9.
    - "[A] stay of discovery pending resolution of Defendant's Motion would simplify the issues for trial and reduce the burden on both parties and this Court." *Id.*

referenced in MacDonald's affidavit filed with the court (the "Affidavit"), and (v) documents and information supporting the contentions and allegations made by MacDonald in his Affidavit. *See id.*

19.   MacDonald's only specific complaint relates to Request for Production 2 ("RFP 2") which seeks "[a]ll Documents and Communications relating to or referring to the collection, possession, or use of the Data [4 million parking transactions that MacDonald downloaded from FlashParking]." Motion, p. 8, n.2.

20.   MacDonald does not complain he would suffer "annoyance, embarrassment, oppression, or undue burden or expense" as a result of responding to RFP 2 as is required under Fed. R. Civ. P. 26. Rather, in a footnote, MacDonald argues that the definition of Data in RFP 2 is "disputed" because MacDonald claims he legitimately downloaded these transactions in the course and scope of his job, and therefore MacDonald has no responsive information in his possession and control. *Id.* However, this "complaint" does not amount to "good cause" (i.e., annoyance, embarrassment, oppression, or undue burden or expense") necessary to issue the unusual remedy of a stay of discovery. If MacDonald has no responsive documents, then he should simply state as much, since responding as required under the Rules would have been much less burdensome than filing the Motion.

21.   Furthermore, the *Belmonte* case cited by MacDonald for the proposition that discovery should be stayed is easily distinguishable. The plaintiffs in *Belmonte* alleged various tort and section 1983 violations against the University of Texas Southwestern Medical Center ("UTSW") and others arising from the treatment of a patient who, prior to her death, was placed in a research study partially funded by a federal grant. *Belmonte v. Medstar Mobile Healthcare*, 2020 U.S. Dist. LEXIS 16228 at *1-2 (N.D. Tex. Sept. 4, 2020). UTSW moved for a stay of

discovery pending a motion to dismiss based on immunity and subject matter jurisdiction. *Id.* at *2. Unlike *Belmonte*, this case does not involve the issue of governmental immunity, which courts have recognized should be resolved early in litigation. *See, e.g., Carswell v. Camp*, 2022 U.S. App. LEXIS 33072 at *6-7 (5th Cir. Tex. Nov. 30, 2022); *Stollings v. Texas Tech. Univ.*, 2021 U.S. Dist LEXIS 160287 at * 3 (N.D. Tex. Mar. 18, 2022) ("A stay of discovery is particularly appropriate when the defendant asserts an immunity defense."); *Bickford v. Boerne Indep. Sch. Dist.*, 2016 U.S. Dist. LEXIS 69101 at *3 (W.D. Tex. May 26, 2016). Here, there are no governmental entities involved and MacDonald has not raised an immunity defense. Thus, the immunity concerns at issue in Belmonte are distinguishable from those in this case.

## PRAYER

For all the foregoing reasons, FlashParking respectfully requests that this Court deny in its entirety MacDonald's Motion, and grant FlashParking such additional relief to which it may be entitled.

Respectfully submitted,

**GILSTRAP LAW GROUP PC**
1801 E 51st Street, Suite 365-295
Austin, Texas 78723
Telephone: (512) 813-2061

By:  */s/ Lessie C. Gilstrap*
Lessie C. Gilstrap
Attorney-in-charge
Texas Bar No. 24012630
Email: Lessie@gilstraplawgroup.com
Glorieni M. Azeredo
Texas Bar No. 24077840
Email: Gazeredo@gilstraplawgroup.com

ATTORNEYS FOR PLAINTIFF
FLASHPARKING, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January, 2024, the foregoing was served upon counsel of record through the Court's CM/ECF filing system:

Sean D. Johnson
REID COLLINS & TSAI LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, TX 78746
sjohnson@reidcollins.com

Kirsten M. Schneider
Carey & Associates, P.C.
71 Old Post Road
Suite One Southport, CT 06890
kschneider@capclaw.com

*Attorneys for Defendant*
*Michael Sellers MacDonald*

> */s/ Lessie C. Gilstrap*
> Lessie C. Gilstrap