IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FLASHPARKING, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-772-ML |
| | § | |
| MICHAEL SELLERS MACDONALD, | § | |
|     Defendant. | § | |

**OPINION & ORDER**

Before the court is Plaintiff's Motion to Remand and for Attorneys' Fees (Dkt. 6).[1] Having considered the motion, responsive briefing, and the applicable law, the undersigned issues the following Order.

**I.  BACKGROUND**

Plaintiff FlashParking ("FlashParking") moves to remand this case back to the Texas state court from which Defendant Michael Sellers MacDonald removed it. Dkt. 6 at 1. FlashParking sued MacDonald in state court. FlashParking alleges MacDonald, while employed by FlashParking, downloaded confidential information and used his computer to investigate new business ventures using the downloaded confidential information. *Id.*

FlashParking originally filed suit in County Court at Law No. 2 in Travis County, Texas against MacDonald for injunctive relief, alleging a violation of the Texas Uniform Trade Secrets Act and seeking attorneys' fees. Dkt. #1-1 at 7–8.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties in this case waived the right to proceed before a United States District Judge and consented to have a Magistrate Judge conduct all remaining proceedings, including trial and the entry of judgment. Dkt. 22. United States Judge Robert Pitman transferred this case to the undersigned for all proceedings and entry of final judgment pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Rule CV-72 of the Local Rules of the United States District Court for the Western District of Texas on November 6, 2023. *Id.*

1

On July 7, 2023, MacDonald, removed the action based on diversity jurisdiction. Dkt. 1 (Notice of Removal) at ¶14. FlashParking moved to remand on August 2, 2023. Dkt. 6 at 1. MacDonald is opposed. Dkt. 7.

## II.   APPLICABLE LAW

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction and only possess power that is authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A federal court "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking federal forum." *Howery v. Allstate Ins. Co.*, 276 F.3d 912, 916 (5th Cir. 2001). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 392 (5th Cir. 2009).

Generally, a federal court has jurisdiction over a case in two circumstances. The first, known as federal question jurisdiction, exists if a case "arises under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1331; *see Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988). The second circumstance is frequently termed diversity jurisdiction. *See generally* 28 U.S.C. § 1332.

District courts have diversity jurisdiction over civil actions that are between citizens of different states and involve an amount in controversy of more than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist.*" Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

To remove a case based on diversity, the defendant must demonstrate that all the prerequisites of diversity jurisdiction contained in § 1332 are satisfied, including the requirement of "complete" diversity of citizenship. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005). The parties' citizenship is based on the facts at the time of removal. *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014).

### III.   ANALYSIS

FlashParking requests that this case be remanded to Texas state court, arguing this court lacks subject matter jurisdiction because the amount-in-controversy requirement is not met. Dkt. 6 ¶4. MacDonald argues that removal was proper as the amount in controversy in this action may exceed $75,000. Dkt. 7 at 2. FlashParking replies that MacDonald's evidence that the amount in controversy might exceed $75,000 does not meet his burden to prove by a preponderance of the evidence that the amount in controversy is greater than $75,000. Dkt. 10 ¶2.

Federal courts have diversity jurisdiction over civil actions between citizens of different states that involve an amount in controversy of more than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). If either element of diversity jurisdiction does not exist, then this court lacks subject matter jurisdiction,[2] and it must remand the case to Texas state court.

The parties agree that complete diversity exists. They are correct. FlashParking is a Delaware corporation with its principal place of business in Austin, Texas, and MacDonald is a resident of Connecticut. *Compare* Dkt. 1-1 ¶¶1–3 *with* Dkt. 7 at 2. So, resolution of this motion depends on whether the amount-in-controversy requirement is met.

Diversity is determined by the facts on both the date the complaint was filed in state court and the date the notice of removal was filed in federal court. *Ashford v. Aeroframe Services*, 907.

---

[2] Defendant asserts only diversity jurisdiction, and there is no federal question.

3

F3d 386 (5th Cir. 2018). For purposes of removal, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). The plaintiff's claim of the amount in controversy "remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

In its Original Petition and Application for Temporary Restraining Order and Temporary [*sic*] Permanent Injunction, FlashParking alleges it "seeks non-monetary relief and monetary relief of less than $75,000. Dkt. 1-1 ¶5. FlashParking thus contends that the amount in controversy is less than $75,000. Dkt. 6 ¶20 ("the face of the Petition specifically states the claims are less than $75,000"). FlashParking further argues that MacDonald has not met his burden to prove by a preponderance of the evidence that the true amount in controversy will exceed $75,000 through the submission of summary judgment-type evidence. *Id.*

The defendant has the burden to show: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is plead." *Id.* (emphasis in original); *see also* 28 U.S.C. §1446(c)(2)(B) ("removal is proper on the basis of an amount in controversy . . . if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]").

MacDonald, employing a duct-tape-and-bailing-wire argument, contends that the court should look at the entire value of the underlying litigation when determining the amount in controversy. Dkt. 7 at 6 (citing cases). Providing no analysis, MacDonald "asserts that the overall

4

value of the remedy sought by [FlashParking] exceeds $75,000." *Id.* at 7.

The only evidence that MacDonald submitted is his own affidavit. Dkt. 7-1. The affidavit contains the following statement to support his contention that the amount-in-controversy requirement is satisfied: "my *best estimate* is that damages to Flashparking [*sic*] *may* be well over $75,000." *Id.* ¶57. He goes on to state "that Flashparking [*sic*] [] suffer[ing] damages less than $75,000 if data was used to compete, is an unreasonable expectation." *Id.* ¶58. These statements do not come close to establishing by a preponderance of the evidence that the amount-in-controversy provided in FlashParking's Petition is incorrect and the true amount in controversy exceeds $75,000.[3]

MacDonald also argues that "the true potential value of" FlashParking's claims together with his counterclaims and attorney's fees "well exceeds $75,000."[4] Dkt. 7 at 8. MacDonald submits that "the amount in controversy is [] going to be more than $75,000 because [MacDonald] *intends* to file counterclaims" under federal and Connecticut state law. *Id.* at 6 (emphasis added). This argument also fails.

Again, diversity jurisdiction is determined by the facts on both the date the complaint was filed in state court and the date the notice of removal was filed in federal court. *Ashford*, 907 F.3d at 386. "A court may not consider a counterclaim that a party files after the complaint on which removal is based to satisfy the amount in controversy requirement." *Avanti by Avanti v. Tedder*, Civil Action No. 4:18-CV-00381, 2018 U.S. Dist. LEXIS 143347, at *5 (E.D. Tex. 2018) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)). Because the court

---

[3] Indeed, the statements do not establish that MacDonald firmly believes the value of the data exceeds $75,000.
[4] The undersigned notes that FlashParking is correct: the cases MacDonald cites in support of this argument are inapposite. *See e.g.*, *Huawei Techs. Co. v. T-Mobile US*, No. 2:16-CV-00052-JRG-RSP, 2017 U.S. Dist. LEXIS 161490, at *13 (E.D. Tex. 2017) ("The Court is no stranger to the cost of patent infringement litigation, and the amount in controversy requirement had likely been exceeded several-fold by the time T-Mobile answered Huawei's complaint nine months ago.").

may not consider an unfiled counterclaim, MacDonald's entreaties that the court consider counterclaims that he may assert at some point in the future fails as a matter of law.

MacDonald declares "the case shall remain in federal court." Dkt. 7 at 8. It shall not. MacDonald failed to carry his burden to prove by a preponderance of the evidence that the true amount in controversy in this action will exceed $75,000. Indeed, nowhere in his briefing does MacDonald definitively assert that the amount in controversy is more than $75,000. Because the only basis for removal was this court's diversity jurisdiction, and because one of the diversity prongs—the amount-in-controversy prong—was not satisfied, this court does not have subject matter jurisdiction over this action. The court shall remand it to Texas state court.

## IV. REQUEST FOR ATTORNEYS' FEES

FlashParking seeks attorneys' fees and costs under 28 U.S.C. § 1447(c), Federal Rule of Civil Procedure 11, and the court's inherent authority. Dkt. 6 ¶¶21–22. MacDonald opposes FlashParking's request for attorney's fees "because [MacDonald] in good faith believe[s] that the amount in controversy in the current Complaint will exceed $75,000 and further, that the value of the damages for [MacDonald's] counterclaims will also exceed $75,000."[5] Dkt. 7 at 8.

"Courts have the discretion to 'require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Thomas v. S. Farm Bureau Life Ins. Co.*, 751 F. App'x 538, 539–40 (5th Cir. 2018) (quoting 28 U.S.C. § 1447(c)). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Casas v. Expediting*, No. 23-10311, 2023 U.S. App. LEXIS 32119, at *7 (5th Cir. 2023) (cleaned up) (citing cases). "If the removing party 'could conclude from the

---

[5] MacDonald argued in the previous paragraph that the amount in controversy will exceed $75,000 because FlashParking's damages exceed $75,000 and with his counterclaims and attorney's fees will "well exceed[] $75,000." Dkt. 7 at 8. Put simply, MacDonald nowhere else argues that his counterclaims will *also* exceed $75,000. His entire argument about the amount in controversy vis a vis counterclaims is: "the amount in controversy is also going to be more than $75,000 because [MacDonald] intends to file counterclaims . . . ." *Id.* at 6.

case law that its position was not an unreasonable one' at the time of removal, then it had an objectively reasonable basis for removal." *Thomas*, 751 F. App'x at 540 (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).

There was not an objectively reasonable basis for the removal. A plain reading of FlashParking's Petition reveals allegations supporting a single cause of action directed specifically at MacDonald's acts and seeking injunctive relief. Dkt. 1-1 at 7–8. MacDonald's grounds for removal are thin and stretch the law. *See supra* at 5–6. His argument that FlashParking's damages in his sole estimation "may" exceed $75,000 is not an objectively reasonable basis for removal.[6] *Id.* at 5. Further, unspecified, unfiled counterclaims likewise are not objectively reasonable bases for removal, and MacDonald could not conclude otherwise. *Id.* at 6.[7]

The court would be remiss not to note the posture of this case at the time of removal. FlashParking filed its petition in which it sought a temporary restraining order on June 9, 2023. Dkt. 1-1 at 2. On June 12, 2023, the Texas court granted the TRO, *id.*, and extended it on June 15, 2023 until the date of a TRO hearing. *Id.* More than two weeks later, on June 30, 2023, MacDonald moved to continue the hearing. Dkt. 1-1 at 3.

MacDonald and his counsel indicated they would be unavailable for the TRO hearing set for July 7, 2023. Dkts. 6-1, 6-2. In conjunction with MacDonald's request to continue the hearing, the parties and the Texas state court exchanged communications. Dkts. 6-1, 6-2. FlashParking and the state court were amenable to a continuance if MacDonald agreed to extend the TRO, which expired on July 7, 2023, until the new hearing date. *Id.* MacDonald did not agree. Dkt. 6-2 at 3.[8]

---

[6] As FlashParking points out in its Reply, there are numerous issues with MacDonald's valuation, including his apparent lack of qualifications for determining a valuation. Dkt. 10 at 3.

[7] MacDonald should have gleaned from the case law that an intention to file counterclaims is not a reasonable basis for removal. Fifth Circuit precedent indicates otherwise. *See St. Paul Reinsurance*, 134 F.3d at 1252. And the cases MacDonald cites in support of his position involve circumstances where the amount-in-controversy was satisfied in the underlying litigation to which the defendant asserted counterclaims.

[8] The undersigned found it curious that MacDonald would not agree to continue the hearing on the TRO to a date of MacDonald's election more than a month later. As FlashParking's counsel pointed out to the Texas state court,

The Texas state court proceeded with the July 7th TRO hearing at which it also heard the special appearance motion.[9] Dkt. 3-1 at 4–6. Neither MacDonald nor his counsel appeared. *Id.* At 3:15 p.m. that afternoon, the court entered an order granting the temporary injunction. *Id.* Hours later, at 5:56 p.m.,[10] MacDonald *through local Austin, Texas counsel*[11] filed his Notice of Removal.[12] Dkt. 1 (metadata timestamp).

MacDonald made an unmistakable misrepresentation to the court in its Notice of Removal. In his Notice, MacDonald stated: "No proceeding has been had in the State Action . . . ." Dkt. 1 ¶7 (emphasis added). MacDonald made this statement in his Notice, which was filed approximately three hours *after* proceedings in Texas state court—the July 7th hearing. *Compare* Dkt. 1 (5:56 p.m. metadata timestamp) *with* Dkt. 3-1 at 6 (signed at 3:15 p.m.). MacDonald did not address the misrepresentation in his Response. *See generally* Dkt. 7. And the court will not countenance such behavior.

MacDonald's actions smack of gamesmanship and his misrepresentation (that no state court proceedings occurred prior to removal) is unmistakable. The court will not tolerate such tactics. Attorney's fees are warranted.

V. **ORDER**

The undersigned **ORDERS** that Plaintiff FlashParking's Motion for Remand and for Attorneys' Fees (Dkt. 6) is **GRANTED**. Accordingly, this case is **REMANDED** to County Court

---

what MacDonald sought was expiration of the TRO and a hearing on the TRO more than a month after that expiration. Dkt. 6-2 at 3–4. That was not bargaining in good faith with the other party—or respectful of the court's attempt to accommodate MacDonald.

[9] On July 5th, MacDonald's counsel filed a Motion for Special Appearance, which the court indicated it would hear on July 7th ahead of the hearing. Dkt. 1-1 at 3.

[10] FlashParking alleges MacDonald filed his Notice at 6:08 p.m., but the Court's docketing system indicates the Notice was filed at 5:56 p.m.

[11] Sean Johnson of Reid Collins & Tsai LLP, an Austin, Texas law firm, filed the Notice of Removal. Dkt. 6-6.

[12] The curiosities in the case continue: MacDonald and his counsel maintained that they were unable to participate in a hearing conducted via Zoom, but within hours, MacDonald's Austin-based local counsel filed the Notice of Removal.

at Law No. 2 in Travis County, Texas.

It is **FURTHER ORDERED** that this court shall retain jurisdiction of this cause for the purpose of determining the amount of attorney's fees costs to be awarded to Plaintiff FlashParking.[13] Plaintiff FlashParking is **ORDERED** to file an itemized claim—filed as a Notice and comporting with the lodestar method and incorporating the so-called *Johnson* factors if any— with explanations for costs claimed, including how many hours were spent on the Motion to Remand only, no later than February 27, 2024. Defendant MacDonald shall file any response or objections to the amounts claimed by no later than March 5, 2024. The parties are **STRONGLY ENCOURAGED** to meet and confer to determine an acceptable amount of attorneys' fees and costs. Should the parties fail to come to an agreement, Plaintiff FlashParking shall so indicate in its Notice.

It is **FINALLY ORDERED** that all pending motions not addressed herein are **DENIED as MOOT**.

SIGNED February 14, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

---

[13] "It is well established 'that a district court always has jurisdiction to impose sanctions designed to enforce its own rules, even after that court no longer has jurisdiction over the substance of a case.'" *Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 637-38 (5th Cir. 2008) (quoting *In re Luttrell*, 749 F. App'x 281, 286 (5th Cir. 2018)); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) ("It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction."); 28 U.S.C. § 1447 ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").